O'Connor v. Padget.

---

CORNELIUS J. O'CONNOR, APPELLANT, V. A. W. PADGET ET AL., APPELLEES.

FILED JUNE 26, 1908. No. 15,314.

1. **Appeal:** INSTRUCTIONS. Error in the admission of incompetent evidence may be cured by an instruction which directs the jury to consider as an established fact the transaction sought to be impeached by the incompetent evidence.

2. **Witnesses:** PRIVILEGED COMMUNICATIONS. A communication made to an attorney at law, where the relationship of attorney and client does not exist, is not privileged, although the attorney was employed in some other capacity.

3. **Evidence:** ADMISSIONS AGAINST INTEREST. The fact that a witness has testified to a conversation with a party, in which the latter made admissions against interest, will not permit the party to testify to statements made by him in another conversation consistent with his theory of the case.

4. **Trial:** INSTRUCTIONS. Generally a party cannot complain of the court's nondirection of the jury, unless he has moved the submission of an instruction in point.

APPEAL from the district court for Cuming county: GUY T. GRAVES, JUDGE. *Affirmed.*

*R. E. Evans* and *M. McLaughlin,* for appellant.

*McNish & Graham* and *Anderson & Keefe, contra.*

EPPERSON, C.

Plaintiff, claiming to be the *bona fide* owner of two promissory notes, instituted this action to recover thereon. The notes were given as a part of the consideration for a stock of liquors, saloon fixtures, and an unexpired liquor license. A part of the consideration was paid in cash and the notes were given for the remainder. Defendant Padget purchased the liquor business from E. E. Sullivan, but the notes were made payable to his brother, John C. Sullivan, who later indorsed and delivered them to the plaintiff. Defendants recovered below.

The evidence is undisputed that a part of the consideration for which the notes were given was the liquor license which had been issued to E. E. Sullivan. This was held by this court to be an illegal consideration which tainted the whole transaction. *Padget v. O'Connor,* 71 Neb. 314. It appears that plaintiff herein gave to the Sullivans $160 in cash, and, in addition thereto, canceled an indebtedness owing by the Sullivans to him upon a sublease of certain allotted Indian lands in the Winnebago reservation. In his direct examination plaintiff testified to these facts. For the purpose of showing that a part of the consideration paid by plaintiff for the notes was illegal, defendants questioned the plaintiff's right to sublease the lands to the Sullivans. On cross-examination of the plaintiff, a stipulation of fact was interposed in which the parties agreed that the sublease made to the Sullivans was not approved. Plaintiff acknowledged the fact, but objected to its admission in evidence as immaterial and irrelevant. It is unnecessary to discuss the objection. The error was

cured by an instruction of the court, as follows: "Such a consideration would be valid and sufficient to convey title of said notes to said O'Connor as fully as though the full face of said notes had been paid in cash by said O'Connor." The notes were prepared for signature by Mr. Keefe, an attorney at law, who was permitted to testify as to the consideration. Objection was made, claiming that the communications made to him, of which he testified, were privileged. It does not appear, however, that the relation existing between the witness and the payee was that of attorney and client. The witness was simply employed to write out the notes. There was also other undisputed evidence that the assignment of the liquor license was a part of the consideration.

Keefe also testified to a conversation over the telephone with the plaintiff subsequent to the time which the plaintiff now claims to have purchased the notes, in which conversation plaintiff stated that he knew a part of the consideration was for the unexpired license. Plaintiff denied ever having had such a conversation, but testified that he had another, as to the nature of which he was not permitted to testify. He offered to prove that he told Keefe in that conversation that he was the owner of the notes; that he had paid a valuable consideration for them and that they were still his property; that he had bought them before maturity, and that he had no notice of any defense to them. This was a distinct conversation from that testified to by the witness Keefe, and the rule permitting a party to prove all of a conversation, relative to which the adverse party has proved part, does not apply. It is apparent that the statements offered would be but self-serving evidence. In Keefe's examination, however, he denied the conversation which plaintiff sought to prove, and it is contended that a litigant is entitled to show that any witness had made statements out of court contrary to his testimony. There is such a rule, but it was satisfied when the plaintiff testified that such a conversation took

place. Plaintiff could not go further and testify to statements made by himself in such conversation consistent with his theory of the case.

The answer alleges that the notes in controversy were given in part consideration for the stock of liquors, fixtures, and license, and, further, for the purpose of defrauding his creditors E. E. Sullivan procured the notes to be payable to John C. Sullivan, his brother. These defenses were revealed to the jury by an instruction. In another instruction the jury were told, in effect, that plaintiff, if a *bona fide* holder, could recover although the consideration was in part illegal and the notes taken in the name of John C. Sullivan for the purpose of defrauding the creditors of E. E. Sullivan. It is objected to because it presented to the jury the motive which prompted the giving of the note to John C. Sullivan instead of E. E. Sullivan. As between the parties, it is no defense that the note was made payable to another for the purpose of defrauding the creditors of the real party in interest, and it appears that the court should have instructed the jury that the defendants were not entitled to prevail by reason of this defense. The error of the court was a non-direction only. Plaintiff should have asked for the desired instruction.

We have considered all of the other assignments, which are numerous, and find no error therein. In view of the conflict of evidence, and the absence of prejudicial error, the verdict of the jury is conclusive, and we recommend that the judgment be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.