DICK GIRCH v. STATE OF NEBRASKA.

FILED APRIL 30, 1920.   No. 21112.

Witnesses: IMPEACHMENT: COMPETENCY. An impeaching witness, who has testified that he knows the reputation of the witness, sought to be impeached, for truth and veracity in the community in which he resides, and that it is bad, is not rendered incompetent by the fact that, on cross-examination, he testifies that he has heard 15 or 20 people in the community of 200 say that it is bad.

ERROR to the district court for Furnas county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*C. C. Flansburg* and *J. G. Thompson,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

CORNISH, J.

Defendant (plaintiff in error) was convicted of stealing a load of corn.

It is complained that when a question, put to the witness Smith, was objected to, and the witness erroneously permitted to answer, which answer was afterwards on motion stricken from the record by the trial judge, there was error in the court's failure in its instruction to direct the jury not to consider the answer. We cannot so hold. The defendant should have requested the instruction if he thought the evidence stricken might be prejudicial. Trial judges cannot be expected to so closely guard the interests of parties to the trial. In fact, we question whether the answer given in this instance, if allowed to stand, would have been either improper or prejudicial. *O'Connor v. Padget,* 82 Neb. 95; *Schroeder v. Lodge No. 188, I. O. O. F.,* 92 Neb. 650.

Another witness, who testified that the defendant's reputation for truth and veracity in the community in which he lived was bad, on cross-examination stated that he had heard 15 or 20 people in the community of 200 say so. It is urged that this answer showed him incompetent to testify. We do not think so. While it is true that the impeaching witness should know the general estimation in which the witness sought to be impeached is held by those among whom he dwells, yet so much depends upon the facts and circumstances under which the statements that the witness had heard were made, that it must be said the witness may have been informed as to the actual reputation of the defendant.

The trial judge told the jury that, "when it has been successfully established that the general reputation of a witness for truth and veracity in the -community where he lives is bad, the witness is impeached, and you will be warranted, in that event, in disregarding the testimony of such witness, as unworthy of belief, except to the extent that the testimony of said witness has been corroborated." It is argued that by such an instruction the judge invades the province of the jury. *Matthewson v. Burr,* 6 Neb. 312.

We think the law is that, when it has been shown that the witness' reputation is bad, the witness is impeached, as the court instructed. *Watson v. Roode,* 30 Neb. 264, 274.

It is insisted that the evidence is not sufficient to sustain the verdict of guilty. After careful examination of the testimony, we are convinced that this assignment of error is not well taken.

AFFIRMED.

FLANSBURG, J., not sitting.