CYNTHIA MOON DOVEY, APPELLANT, v. MICHAEL THOMAS SHERIDAN, APPELLEE.
201 N. W. 2d 245

Filed October 13, 1972. No. 38429.

Joy N. Lindquist and Lawrence R. Brodkey, for appellant.

D. Nick Caporale and M. Brian Schmid of Schmid, Ford, Mooney, Frederick & Caporale, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

In this negligence action plaintiff appeals from a jury verdict for the defendant. Plaintiff argues three assignments of error: (1) The court erred in admitting the testimony of an expert witness concerning the purpose of access roads, median strip breaks, and whether a certain street was a major or heavily traveled street; (2) the court erred in refusing to strike the testimony of the expert witness and in failing to admonish the jury to disregard the same; and (3) the court erred in failing to give plaintiff's requested instruction No. 1, as follows: "You are instructed that a preference will not be given to vehicles moving on highways as against traffic on intersecting roads merely because of their relative dignity or importance." We affirm.

At approximately 1:45 a.m., on March 22, 1970, the parties were involved in a collision on 72nd Street in Omaha, Nebraska. At the time of the collision the defendant was southbound on 72nd Street, a four-lane highway. The plaintiff was eastbound and turning north on 72nd Street from an access road which runs parallel

to and is separated from 72nd Street by a median. The area of impact had an overhead traffic light for all northbound and southbound traffic on 72nd Street. There was no light or traffic signal controlling the entry from the access road to 72nd Street.

At the trial a professional engineer familiar with the area was permitted to testify over plaintiff's objection as to the location, the purpose, and the definition of access roads; the width of the access road and of 72nd Street; and the relative importance of both roads. Plaintiff objected that this testimony was irrelevant and immaterial to any issue, and that it invaded the province of the jury. Plaintiff subsequently moved for an order striking such testimony and for an instruction to the jury to disregard the same. This motion was overruled. Plaintiff also submitted instruction No. 1 which was refused.

The trial court gave its instruction No. 14, which reads as follows: "The Court instructs you, that it has found, as a matter of law, that the collision between the motor vehicles being operated by the plaintiff and the defendant, occurred at an 'intersection' as defined by the Statutes of the State of Nebraska.

"The Court has found, as a matter of law, that there existed at the time of this collision, two separate and distinct highways upon the land taken for right of way purposes, and known as 72nd Street, and that the rules of the road of the State of Nebraska have application to each of said highways, separately and individually. The area west of the median strip, as shown by the evidence, and throughout this case referred to as an 'access road,' upon which traffic proceeded in a north and south direction, and which consists of two traffic lanes, is a separate and distinct highway from the highway east of the median strip, which contains four lanes for traffic, two lanes for southbound traffic and two lanes for northbound traffic. This latter highway is entered upon from the west by virtue of the paved

opening in the median strip which connects the two highways. This, therefore, creates what in law is known as an 'intersection' across the four-lane highway, east of the median strip. The said 'intersection' being the area embraced within the prolongation of the lateral curb lines of the break in the said median strip in an easterly direction across said four-lane highway.

"By the same token, the break in the median strip, likewise creates an intersection across the two-lane highway, located west of the median strip. This intersection being the area embraced within the prolongation of the lateral curb lines of the break in said median strip in a westerly direction across the said two-lane highway."

The trial court also gave instruction No. 17 on right-of-way. It is as follows: "You are instructed that the laws of the State of Nebraska provide as follows:

"Motor vehicles traveling upon a public highway shall give the right of way to vehicles approaching along intersecting highways from the right, and shall have the right of way over those approaching from the left, when said vehicles shall reach the intersection at approximately the same time.

"The Statutes further provide when two vehicles approaching or entering an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.

"The Statutes further provide that the driver of a vehicle approaching, but not having entered an intersection shall yield the right of way to a vehicle within such intersection, and turning therein to the left across the line of travel of such first-mentioned vehicle, provided the driver of the vehicle turning left has given a plainly-visible signal of intention to turn.

"There has likewise been introduced an ordinance of the City of Omaha in force at the time of this accident which provides 'vehicles approaching an intersection: When two vehicles approach an intersection at approx-

imately the same time, the driver of the vehicle on the left shall yield to the driver on the right. The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection.'

"The parties hereto have stipulated that the legal prima facie lawful speed pursuant to City ordinances on 72nd Street was 35 miles per hour."

The admissibility of expert testimony is ordinarily within the discretion of the trial court, and its ruling will be upheld unless an abuse of discretion is shown. See McNaught v. New York Life Ins. Co. (1943), on rehearing, 143 Neb. 220, 12 N. W. 2d 108.

Referring to the testimony of the expert witness, we said in Drahota v. Wieser (1968), 183 Neb. 66, 157 N. W. 2d 857: "The general rule is that opinion evidence is admissible where it is necessary and advisable as an aid to the jury. McNaught v. New York Life Ins. Co., on rehearing, 143 Neb. 220, 12 N. W. 2d 108. Opinion evidence which may be of aid to the jury may be admitted even though it bears directly on the main issue. Such evidence should be excluded whenever the point is reached at which the trier of fact is being told that which it is itself entirely equipped to determine. Sears v. Mid-City Motors, Inc., on rehearing, 179 Neb. 100, 136 N. W. 2d 428."

It has long been the rule in this state that an error in the admission of incompetent evidence may be cured by an instruction which directs the jury to consider as an established fact the transaction sought to be impeached by the incompetent evidence. O'Connor v. Padget (1908), 82 Neb. 95, 116 N. W. 1131.

Without analysis or discussion, but for the purposes of this case, accepting plaintiff's contention that portions of the expert's testimony may have invaded the province of the jury and should have been excluded, it could not have been prejudicial herein. It was at most harmless error. The instructions adequately cov-

ered plaintiff's theory. Any possible prejudice was cured by the giving of instructions Nos. 14 and 17 which are set out above.

The judgment herein is affirmed.

AFFIRMED.