STATE OF NEBRASKA, APPELLEE, V. DELBERT E. WARNKE, APPELLANT.

380 N.W.2d 241

Filed January 17, 1986.   No. 85-192.

James P. Miller and Owen A. Giles, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

GRANT, J.

Defendant-appellant, Delbert E. Warnke, was charged by complaint in Sarpy County Court with driving while intoxicated, third offense, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984). The complaint charged that on May 26, 1984, Warnke was in actual physical control of a vehicle either while under the influence of alcoholic liquor or while he had ten-hundredths of 1 percent or more by weight of alcohol in his body fluids. Warnke pled not guilty. After trial the county court found him "guilty, as charged, of driving while intoxicated." An enhancement hearing was held on December 21, 1984. At that hearing the court determined there were two valid prior convictions of defendant for the same offense.

Warnke was sentenced to 4 months in jail, a $500 fine was imposed, and his driving privileges in Nebraska were suspended for life. The county court suspended Warnke's lifetime revocation of driving privileges and reduced that revocation to 1 year, after which time the court stated that Warnke could apply for reinstatement. On appeal to the district court for Sarpy County, Warnke's conviction was affirmed and the sentence of lifetime revocation of his driving privileges was reinstated. The district court found the county court's order suspending its own order of lifetime suspension of Warnke's driving privileges and reducing it to 1 year was a nullity and plain error on the record, and imposed the statutorily required penalty.

Warnke appeals, assigning only one error: "The Court below erred by failing to find as a matter of law that the evidence presented to the trial Court was insufficient to sustain Appellant's conviction for the basic offense of Driving While Intoxicated." For the reasons hereinafter set out, we affirm.

The record shows that on May 26, 1984, two Sarpy County sheriff's deputies, riding together in a sheriff's patrol car, arrested defendant for driving his automobile while under the influence of alcoholic liquor. Each officer testified under the trial court's order of sequestration of witnesses. Deputy Timothy J. Carmody testified that he was driving the patrol car at the time of defendant's arrest, while Deputy Randall Furby testified he was driving the patrol car at that time. In all other respects the two deputies generally agreed in their testimony. Each testified that defendant was first observed at Highway 50 and Harrison Street, in Sarpy County, driving a car without license plates. Each testified that defendant was stopped about one-half mile away at Highway 50 and Josephine Street, and each testified that defendant's speech was slurred, although he was able to recite the alphabet, that defendant smelled of alcohol, and that his eyes were watery. Deputy Furby testified that defendant swayed when attempting to stand still. Both testified that defendant successfully completed only part of the physical dexterity tests he was asked to perform. The deputies both testified as to an open, cold can of beer found in defendant's car, as well as a partially full 12-pack of the same

kind of beer. Each deputy testified that he had known and seen people under the influence of intoxicating liquors and had made arrests of intoxicated persons. Each deputy was of the opinion that defendant was intoxicated to the degree where it would appreciably impair his ability to operate an automobile.

At the time of defendant's arrest, Deputy Carmody administered a preliminary pass-fail field test of defendant's breath. This test indicated that defendant failed the test, and defendant was taken to the Sarpy County jail for an Intoxilyzer test. At trial the results of that Intoxilyzer test were not admitted into evidence. Defendant was found guilty by the court, sitting without a jury, of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor.

In *State v. Taylor, ante* p. 114, 119, 375 N.W.2d 610, 614 (1985), we stated: "A guilty verdict will not be reversed by this court on appeal unless the evidence is so lacking in probative force that it is insufficient as a matter of law. *State v. Ruzicka,* 218 Neb. 594, 357 N.W.2d 457 (1984)."

We have also held:

> [I]t is not for this court to accept one version of the case over another . . . . In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it.

*State v. Murphrey,* 220 Neb. 699, 701, 371 N.W.2d 702, 704 (1985), quoting *State v. Evans,* 215 Neb. 433, 338 N.W.2d 788 (1983). With these standards in mind we consider Warnke's contentions.

Warnke first contends that the preliminary breath test may not be considered as evidence upon which a conviction may be based even though the results were admitted into evidence. We agree. We held in *State v. Green,* 217 Neb. 70, 348 N.W.2d 429 (1984), that such a test may be properly admitted for the limited purpose of showing a basis for an arrest. The record shows

clearly that the trial court admitted the evidence of the preliminary breath test "for the limited purpose showing probable cause . . . for an arrest." Since, as set out hereinafter, we determine there is other sufficient evidence to support Warnke's conviction, defendant's contention in this regard, although correct, does not affect the result herein.

Insofar as Warnke contends that the trial court erred in allowing the deputies to state their opinions about appellant's state of intoxication, we find Warnke's argument is unpersuasive. In *State v. Johnson*, 215 Neb. 391, 338 N.W.2d 769 (1983), we held that an officer could testify as to his or her opinion even as a nonexpert, provided that there were facts detailed from the officer's direct observations. Further, in *Green, supra*, we noted that such testimony is proper as based upon the witness' personal observations. The opinion evidence of the two deputies was properly admitted.

Warnke's third point in his argument is that due to conflicts in the deputies' testimony, it should be discounted as "invented to meet the exigencies of pending litigation." The only real conflict in the deputies' testimony was the question of who was driving. It is not for this court to resolve such conflicts, nor is it for this court to look at the credibility of witnesses or the plausibility of explanations. The trial judge viewed the witnesses and passed upon their credibility, then weighed the properly admitted evidence and concluded that Warnke was guilty as charged. The deputies' testimony was properly admitted.

Finally, Warnke generally asserts that the evidence presented is plainly insufficient even when viewed in total. We disagree. The recitation of facts indicates there was sufficient evidence to sustain Warnke's conviction.

AFFIRMED.