STATE OF NEBRASKA, APPELLEE, V. DOUGLAS C. KLINGELHOEFER, APPELLANT.
382 N.W.2d 366

Filed March 7, 1986.   No. 85-442.

John S. Mingus of Mingus & Mingus, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Per Curiam.

The appellant, Douglas C. Klingelhoefer, was charged in the county court for Buffalo County, Nebraska, with driving while intoxicated, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984), and with refusing to submit to a chemical test of his breath, in violation of Neb. Rev. Stat. § 39-669.08 (Reissue 1984). Following trial to a jury, a verdict of guilty on both counts was returned. Upon appeal the district court for Buffalo County, Nebraska, affirmed. Klingelhoefer now appeals to this court, maintaining that his convictions must be set aside for one or more of the following errors: (1) The county court erred in failing to find that Klingelhoefer was entitled to receive *Miranda* warnings prior to being requested to submit to a chemical test for alcohol; (2) The county court erred in failing to find that Klingelhoefer had a right to counsel before being requested to submit to the chemical test; (3) The county court

erred in failing to find that Klingelhoefer had a right to be informed that he was entitled to have a separate, independent chemical test taken by a physician of his choice; (4) The county court erred in failing to find that the stopping of Klingelhoefer's automobile and the subsequent arrest violated his rights guaranteed to him under the fourth amendment of the U.S. Constitution.

Klingelhoefer further assigns as error that the evidence of the preliminary breath test was improperly admitted in evidence and that § 39-669.08 (the statute requiring a driver to submit to a chemical test) is unconstitutionally vague. We believe that the assignments of error are without merit, and the conviction and sentence must be affirmed.

The facts of the case are essentially without dispute. At approximately 11:30 p.m. on July 23, 1984, a deputy sheriff in the Buffalo County sheriff's office clocked Klingelhoefer's automobile with the use of a mobile radar unit as traveling at 65 m.p.h. in a 55 m.p.h. zone. The deputy turned around to follow the vehicle and, while doing so, observed the vehicle swerve left of the centerline and pull up close behind another vehicle. The deputy then pulled the speeding vehicle to the side of the road. After investigation the deputy determined that the driver of the car was Klingelhoefer. At that time the deputy detected the odor of alcohol about Klingelhoefer and noticed that Klingelhoefer's eyes were glassy and bloodshot. He asked Klingelhoefer to perform a variety of field sobriety tests. First, when asked to recite the alphabet, Klingelhoefer correctly stated the letters from A to O, and after O said "Z." Second, when asked to count from 20 to 10 backwards, Klingelhoefer correctly counted from 20 to 15, and then said "15, 13, 15, 14, 10, 9," and then stopped. Third, when requested to touch the tip of his index finger on each hand to the tip of his nose, Klingelhoefer touched the second joint of each finger to his nose. Fourth, Klingelhoefer was asked to walk heel to toe seven steps forward, turn, and walk heel to toe four steps back. In performing the test, Klingelhoefer did not place the heel of his shoe to the toe of his shoe, and when he was turning around he nearly fell over backwards. Fifth, when asked to balance on one leg, Klingelhoefer nearly fell over.

At that point the deputy requested Klingelhoefer to take a preliminary breath test. Klingelhoefer failed the test. The deputy then placed Klingelhoefer under arrest and transported him to the Buffalo County sheriff's office. Upon arrival at the sheriff's office, the deputy read to Klingelhoefer the implied consent postarrest advisement form. He was not given a *Miranda*-type warning, nor was he afforded the right to contact an attorney.

When requested at the sheriff's office to take a breath test, Klingelhoefer refused to do so until the operator of the machine, a deputy sheriff in uniform, produced the certificate showing that the deputy sheriff was certified to operate the machine. When the certificate was not produced, Klingelhoefer refused to take the test. He also stated that he would not take the test because he was not sure whether the officers in the room were police officers, though each was wearing a uniform of the Buffalo County sheriff's office. Klingelhoefer was once again asked to blow into the machine, and he would not accept the mouthpiece or tube. At that point he was cited for both driving while intoxicated and refusing to submit to a chemical test, as well as for speeding.

A number of the issues may be quickly disposed of by reason of either our recent holdings in *Fulmer v. Jensen*, 221 Neb. 582, 379 N.W.2d 736 (1986), or by reason of earlier decisions which have firmly established the law in this jurisdiction.

In resolving this case we need, however, to separate the two charges. We turn first, then, to the assignments raised with regard to driving while intoxicated. There is little serious question that the deputy sheriff had probable cause to stop Klingelhoefer. He clocked him doing 65 m.p.h. in a 55 m.p.h. zone, in violation of law. Additionally, Klingelhoefer was observed to be tailgating and swerving left of the centerline. In *State v. Nowicki*, 209 Neb. 640, 645-46, 309 N.W.2d 89, 93 (1981), we said:

" '[T]he test of probable cause for a warrantless arrest is whether at the moment the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had

committed or was committing an offense.' "

One cannot seriously argue that, based upon the officer's observation of Klingelhoefer's operation of his motor vehicle, the smell of alcohol about him, his glassy, bloodshot eyes, and his inability to successfully complete any of the field sobriety tests, the deputy did not have probable cause to arrest Klingelhoefer. The assignment is simply without merit.

Furthermore, the evidence was sufficient to submit the case to the jury, and, as we observed in *State v. Warnke,* 221 Neb. 625, 627, 380 N.W.2d 241, 242 (1986):

> [I]t is not for this court to accept one version of the case over another . . . . In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it.

Klingelhoefer's claim that the evidence was insufficient to convict him of driving under the influence of alcohol is simply without merit.

That leaves us, then, with only one remaining question regarding Klingelhoefer's conviction for driving while under the influence of alcohol. That question is whether it was reversible error for the trial court to admit over objections results of the preliminary breath test in the presence of the jury. We have previously held that the preliminary breath test may be admitted in evidence for a limited purpose only. See *State v. Green,* 217 Neb. 70, 348 N.W.2d 429 (1984). Where, as here, no issue as to the propriety of an arrest is raised and the evidence of the preliminary breath test is relevant only for the limited purpose of establishing probable cause to require the driver to submit to a test of his or her blood, urine, or breath under § 39-669.08 and thereby make the results of the second test admissible in evidence for the purpose of seeking to convict a driver for operating a motor vehicle while under the influence of alcohol, the admissibility of the preliminary breath test is a question of law and should therefore be admitted into evidence

out of the presence of the jury. See, *State v. Gerber*, 206 Neb. 75, 291 N.W.2d 403 (1980); *State v. Green, supra*. However, we do not believe that the county court's failure to excuse the jury when receiving that evidence constitutes prejudicial error in this case. As we have already noted, there was more than sufficient evidence to convict Klingelhoefer, absent the results of the preliminary tests. See *State v. Warnke, supra*. Additionally, the record discloses that, immediately upon admission of the evidence, the county court cautioned the jury not to consider the evidence in determining whether Klingelhoefer was driving while intoxicated and gave a similar instruction when submitting the case to the jury. We believe that under the facts in the instant case those efforts by the county court cured any defect so as to render the effect of the testimony nonprejudicial. Error in the admission of evidence is not grounds for reversal of a judgment where no prejudice results from such error. If properly admitted evidence exists to establish that which improperly admitted evidence also establishes, the error in receiving the inadmissible evidence is not grounds for reversal. See *State ex rel. Douglas v. Morrow*, 216 Neb. 317, 343 N.W.2d 903 (1984). See, also, *State v. Bromwich*, 213 Neb. 827, 331 N.W.2d 537 (1983). Furthermore, it has long been the rule in this state that an error in the admission of evidence may, under appropriate circumstances, be cured by an instruction from the court. See *Dovey v. Sheridan*, 189 Neb. 133, 201 N.W.2d 245 (1972). We believe that the record in this case establishes that this is one of those cases where the error was cured by the instruction. For that reason Klingelhoefer's conviction of operating a motor vehicle while under the influence of alcohol in violation of § 39-669.07 must be affirmed.

We turn, then, to the question regarding the assignments of error relating to Klingelhoefer's refusal to submit to a breath test. Questions regarding *Miranda* warnings and right of counsel have recently been resolved by this court and need not be considered again. In the case of *Fulmer v. Jensen*, 221 Neb. 582, 587, 379 N.W.2d 736, 740 (1986), we said: "We adhere to our previous determination that there is no requirement that *Miranda* warnings be given prior to a request to submit to a chemical analysis of blood, breath, or urine under the Nebraska

implied consent law," citing *Wiseman v. Sullivan*, 190 Neb. 724, 211 N.W.2d 906 (1973). We also held in *Fulmer, supra* at 587, 379 N.W.2d at 740, that "we adhere to our previous holdings that under the implied consent law a driver is not entitled to consult with an attorney before submitting to a chemical test, nor is a delay in the test required due to a driver's request to consult with an attorney."

Klingelhoefer next contends that Neb. Rev. Stat. § 39-669.16 (Reissue 1984) is unconstitutionally vague in that there is no definition of the word "reasonable." However, § 39-669.16 has no application in the instant case. Section 39-669.16 refers to administrative revocations. Klingelhoefer was not subjected to disciplinary proceedings pursuant to § 39-669.16 but, rather, to criminal proceedings for violating § 39-669.08. Klingelhoefer has no standing in this case to raise that issue.

That leaves us, then, with the last assignment of error regarding whether Klingelhoefer was entitled to be advised that he could have a physician of his choice evaluate his condition and perform or have performed laboratory tests as provided for in Neb. Rev. Stat. § 39-669.09 (Reissue 1984). In *State v. Miller*, 213 Neb. 274, 328 N.W.2d 769 (1983), we reaffirmed our earlier position that § 39-669.09 does not require the officer to inform the person to be tested of his privilege to request an independent test. See, also, *Zadina v. Weedlun*, 187 Neb. 361, 190 N.W.2d 857 (1971); *State v. Wahrman*, 199 Neb. 337, 258 N.W.2d 818 (1977); *State v. Sommers*, 201 Neb. 809, 272 N.W.2d 367 (1978); *State v. Brittain*, 212 Neb. 686, 325 N.W.2d 141 (1982). We see no reason to depart from our previous position. For that reason all of the assignments of error are overruled, and the judgments and convictions on each count are affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurring in part, and in part dissenting.

While I generally concur with nearly all of the majority opinion, I must dissent on the limited issue regarding whether the officer should be required to advise the accused of his rights under Neb. Rev. Stat. § 39-669.09 (Reissue 1984). For all of the reasons more specifically set out in my dissent in *State v. Miller*, 213 Neb. 274, 328 N.W.2d 769 (1983), I would overrule our

holding in *State v. Miller, supra*, insofar as we held that an officer need not inform the person to be tested of his privilege to request an independent test, and would, rather, hold that the officer must advise the defendant of his rights under § 39-669.09.

I am authorized to state that WHITE and GRANT, JJ., join in this concurrence and dissent.