STATE OF NEBRASKA, APPELLEE, V. LARRY D. BLATTNER, APPELLANT.

383 N.W.2d 803

Filed March 28, 1986. No. 85-660.

John B. McDermott of McDermott, Depue & Zitterkopf, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Larry D. Blattner, was charged with driving while under the influence of alcohol, first offense, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984). Following a trial to the court, Blattner was found guilty and sentenced to 7 days' imprisonment, a fine of $200 plus costs, and a 6-month suspension of his motor vehicle operator's license. Blattner appealed to the district court for Hall County, Nebraska, which affirmed his conviction, and it is from that judgment which he now appeals to this court. We affirm.

The evidence is virtually without dispute, although the inferences to be drawn therefrom are disputed by Blattner. The evidence discloses that on November 20, 1984, at approximately 11:30 p.m., Officer Charles Hines of the Grand Island Police Department was on patrol on Locust Street in Grand Island, Nebraska. Locust Street consists of five lanes; two northbound, two southbound, and a turning lane. Officer Hines observed a vehicle traveling ahead of him in the far right

lane to drift to the right, then suddenly swerve left across the centerline, going into the turning lane, and then swerve back to the right lane. The driver of the vehicle did not give any indication of a turn, nor did he use a turn signal. Officer Hines activated the overhead lights on his patrol car and pulled the vehicle into a nearby parking lot. Upon investigation the officer determined that Blattner was the driver of the vehicle. After approaching the vehicle, Officer Hines detected an odor of alcohol about Blattner. In response to a question by the police officer, Blattner stated that he had had two or three beers. Blattner then told the officer that he was having trouble with his power steering. There was, however, no evidence offered at trial to support that claim.

Officer Hines then requested that Blattner perform various field sobriety tests. First, after stating that he knew the alphabet, Blattner three times unsuccessfully attempted to recite the alphabet. Second, Blattner tried to perform the one-leg balancing test but kept touching his other foot to the ground to catch himself. And, finally, Officer Hines asked Blattner to walk heel to toe. Though he did the correct number of steps forward and back, Blattner swayed as he walked and was uncertain as he turned. In fact, Blattner came very close to losing his balance when he turned. At trial Officer Hines testified that, in his opinion, Blattner was under the influence of alcohol at the time he was operating his motor vehicle. He based his opinion on Blattner's balance, his speech, his inability to recite the alphabet, and the odor coming from him.

Blattner's single assignment of error is that the verdict is unsupported by the evidence. In order to reach the result urged upon us by Blattner, we would be required to make new findings in this case. This we cannot do. As we noted in *State v. Green,* 217 Neb. 70, 75-76, 348 N.W.2d 429, 432 (1984):

> In determining the sufficiency of the evidence to sustain a criminal conviction, this court does not resolve conflicts in the evidence, pass upon the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence, and a verdict rendered thereon must be sustained if, taking the view of such evidence most favorable to the State, there is sufficient evidence to

support it.

It is not possible for this court to say that the county court was in error in believing the police officer and disbelieving Blattner. As a matter of fact, if we view the evidence most favorably to the State, as we are required to do, there is more than sufficient evidence to support the conviction. The judgment of the district court affirming the judgment of the county court is therefore, in all respects, affirmed.

AFFIRMED.

WHITE, J., participating on briefs.