State of Nebraska, appellee, v.
Jin R. Wang, appellant.

___ N.W.2d ___

Filed August 14, 2015.    No. S-14-671.

1. **Constitutional Law: Search and Seizure: Motions to Suppress: Appeal and Error.** In reviewing a trial court's ruling on a motion to suppress evidence based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. Regarding historical facts, the court reviews the trial court's findings for clear error. But whether those facts trigger or violate Fourth Amendment protections is a question of law that the court reviews independently of the trial court's determination.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.

3. **Drunk Driving: Blood, Breath, and Urine Tests: Police Officers and Sheriffs.** Neb. Rev. Stat. § 60-6,199 (Reissue 2010) does not require an arresting officer to inform the person to be tested of his or her right to obtain an evaluation by an independent physician and additional testing.

4. **Due Process: Drunk Driving: Blood, Breath, and Urine Tests: Police Officers and Sheriffs.** There is no due process violation if the officer does not give an advisement of the statutory right to an independent evaluation and testing under Neb. Rev. Stat. § 60-6,199 (Reissue 2010).

5. **Constitutional Law: Drunk Driving: Blood, Breath, and Urine Tests: Police Officers and Sheriffs.** Because there is no statutory or constitutional requirement that a defendant be advised of his or her rights under Neb. Rev. Stat. § 60-6,199 (Reissue 2010), there is no constitutional requirement that an advisement must be given in a language the defendant understands.

6. **Statutes: Equal Protection: Discrimination.** When a statute does not
create a classification on its face, it violates equal protection only when
the defendant can show the law was enacted or applied with a discrimi-
natory purpose.

Appeal from the District Court for Lancaster County: Karen
B. Flowers and Robert R. Otte, Judges. Affirmed.

Mark E. Rappl for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss
for appellee.

Wright, Connolly, Stephan, McCormack, Miller-Lerman,
and Cassel, JJ.

Miller-Lerman, J.
### NATURE OF CASE
Jin R. Wang appeals his conviction in the district court for
Lancaster County for driving under the influence (DUI), third
offense. Wang claims that the district court erred when it over-
ruled his motion to suppress evidence of a chemical breath
test and admitted the evidence at trial. Wang argues that the
evidence should have been suppressed because his alleged
statutory right to advisement under Neb. Rev. Stat. § 60-6,199
(Reissue 2010) and his constitutional rights to due process
and equal protection were violated when the arresting officer
failed to advise him, in a language he could understand, that
he had a right to obtain an evaluation by an independent phy-
sician and additional laboratory testing. We find no error and
affirm Wang's conviction.

### STATEMENT OF FACTS
At issue in this case is § 60-6,199 which provides:

The peace officer who requires a chemical blood,
breath, or urine test or tests pursuant to § 60-6,197 may
direct whether the test or tests shall be of blood, breath,
or urine. The person tested shall be permitted to have a

physician of his or her choice evaluate his or her condition and perform or have performed whatever laboratory tests he or she deems appropriate in addition to and following the test or tests administered at the direction of the officer. If the officer refuses to permit such additional test to be taken, then the original test or tests shall not be competent as evidence. Upon the request of the person tested, the results of the test or tests taken at the direction of the officer shall be made available to him or her.

Wang, who is Chinese and only speaks "some English," was arrested on suspicion of driving under the influence. Wang was taken to a "Detox" center, where he was required to submit to a chemical breath test. The officer who arrested Wang read to him, in English, an advisement stating that under § 60-6,199, he was permitted to have a physician of his choice evaluate his condition and perform whatever laboratory tests the physician deemed appropriate.

Prior to trial, on October 18, 2013, Wang moved the district court to suppress evidence of the results of his breath test because, inter alia, he was not properly advised of his right to obtain testing by an independent physician. Wang claimed that despite an obvious language barrier, the arresting officer neglected to ensure that he understood his rights.

In an order filed February 6, 2014, the district court overruled Wang's motion to suppress. The court noted first that although § 60-6,199 provides that a person arrested for DUI has a right to be evaluated by an independent physician who may perform additional tests, the statute includes no requirement that the person be advised of these provisions. The court found that despite the lack of a statutory requirement that an advisement be given, the officer who arrested Wang read the statute to Wang in English and the evidence showed that a copy of the statute, also in English, was posted on the wall of the room in which Wang was tested. The court found that it was "highly doubtful" Wang understood the advisement

the officer read to him and that the officer made no effort to determine whether Wang understood it. However, the court concluded that because the statute did not require an advisement, there was no due process violation. The court noted that the results of the chemical breath test would be deemed incompetent as evidence if the State had hampered Wang's efforts to obtain an independent test, but the court concluded that the failure to communicate the advisement to Wang in his first language was not the equivalent of hampering his efforts to exercise his right to an independent test and that therefore, the failure to advise Wang in a language he understood was not a violation of Wang's rights.

Following a bench trial, the court found Wang guilty of DUI, and after an enhancement hearing, the court found that it was Wang's third offense. The court sentenced Wang to 60 days in jail and a 3-year term of probation.

Wang appeals.

## ASSIGNMENT OF ERROR

Wang claims that the district court erred when it overruled his motion to suppress and allowed the results of the chemical breath test into evidence. He argues that the failure to advise him of the provisions of § 60-6,199 in a language he understood violated statutory, due process, and equal protection rights.

## STANDARDS OF REVIEW

[1] In reviewing a trial court's ruling on a motion to suppress evidence based on a claimed violation of the Fourth Amendment, we apply a two-part standard of review. *State v. Knutson*, 288 Neb. 823, 852 N.W.2d 307 (2014). Regarding historical facts, we review the trial court's findings for clear error. But whether those facts trigger or violate Fourth Amendment protections is a question of law that we review independently of the trial court's determination. *State v. Knutson, supra*.

[2] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015).

## ANALYSIS

Wang claims on appeal that the district court erred when it overruled his motion to suppress evidence of the results of the chemical breath test and admitted the evidence at trial. He argues that the evidence was obtained in violation of his statutory, due process, and equal protection rights because the officer failed to advise him, in a language he understood, that in accordance with § 60-6,199, he "shall be permitted to have a physician of his or her choice evaluate his or her condition and perform or have performed whatever laboratory tests he or she deems appropriate in addition to and following the test or tests administered at the direction of the officer." We conclude that the district court did not err when it determined that there was no violation of Wang's statutory or constitutional rights and when it overruled his motion to suppress and received evidence of the chemical breath test at trial.

Wang concedes that in prior cases, we have held that § 60-6,199 creates no statutory right that a defendant be advised of the provisions therein. In *State v. Klingelhoefer*, 222 Neb. 219, 225, 382 N.W.2d 366, 370 (1986), we held that § 60-6,199, which was then codified at Neb. Rev. Stat. § 39-669.09 (Reissue 1984), "does not require the officer to inform the person to be tested of his privilege to request an independent test." In *Klingelhoefer*, we cited *State v. Miller*, 213 Neb. 274, 328 N.W.2d 769 (1983), and noted that in *Miller*, we had "reaffirmed" this holding, which had been followed in prior cases. 222 Neb. at 225, 382 N.W.2d at 370.

Wang urges us to review and overrule the holdings in *Klingelhoefer* and the prior cases cited therein. He contends that this court should recognize a statutory right to an

advisement. Wang notes that in *Klingelhoefer*, three judges dissented and opined an advisement should be required and that two of the three judges had previously dissented in *Miller*. We decline Wang's invitation to overrule the *Klingelhoefer* line of cases.

We begin our analysis by noting that fundamental to the reasoning of the dissenting judges in *Miller* was their view that the "underlying philosophy" that had led the U.S. Supreme Court to require *Miranda* warnings applied equally to § 60-6,199. 213 Neb. at 282, 328 N.W.2d at 774 (Krivosha, C.J., dissenting; White, J., joins). That is, they reasoned that before an individual can waive a constitutional right, he or she must have been informed of that right. The *Miller* dissent assumed the existence of a constitutional right to an independent test and thus a corresponding duty to advise. We decline to adopt the rationale of the dissent in *Miller*.

In considering Wang's argument, we keep in mind the distinction between constitutional rights and statutory rights. The U.S. Supreme Court has made clear that the rights that are the subject of *Miranda* warnings are of constitutional dimension. In contrast, statutory rights, such as the independent evaluation and testing privileges in § 60-6,199, are "simply a matter of grace bestowed by the . . . legislature." *South Dakota v. Neville*, 459 U.S. 553, 565, 103 S. Ct. 916, 74 L. Ed. 2d 748 (1983). Given the nature and origin of the right to independent evaluation and testing, we see no basis to adopt the rationale of the dissent in *State v. Miller, supra*.

[3] Turning to the terms of § 60-6,199, we see no language which would support a statutory requirement of an advisement. There is no explicit statutory language requiring an advisement, and we do not read such a requirement into the statute. See *State v. Rodriguez*, 288 Neb. 714, 850 N.W.2d 788 (2014) (it is not within appellate court's province to read meaning into statute that is not there). Other states that have found a statutory right to an advisement have based it on explicit language in the statute. For example, the Supreme

Court of Washington in *State v. Turpin*, 94 Wash. 2d 820, 823, 620 P.2d 990, 992 (1980), noted that the Washington statute, Wash. Rev. Code Ann. § 46.20.308(1) (West 1970), explicitly provided that the arresting "'officer shall inform the person of his right to refuse the test, and of his right to have additional tests administered by any qualified person of his choosing.'" See, also, *Hilliard v. Elfrink*, 77 Ohio St. 3d 155, 157, 672 N.E.2d 166, 168 (1996) (citing Ohio Rev. Code Ann. § 4511.19(D)(3) (LexisNexis Supp. 1995), which provided: "'The person tested may have a physician, a registered nurse, or a qualified technician or chemist of his own choosing administer a chemical test or tests in addition to any administered at the request of a police officer, and shall be so advised'"). Given the language of § 60-6,199, we agree with and reaffirm the holding in *State v. Klingelhoefer*, 222 Neb. 219, 382 N.W.2d 366 (1986), and prior cases, that § 60-6,199 does not require an arresting officer to inform the person to be tested of his or her right to obtain an evaluation by an independent physician and additional testing.

Wang raises additional arguments based on constitutional principles, specifically due process and equal protection. He contends that even if there is no statutory right to an advisement, it is a violation of constitutional due process for an arresting officer to fail to advise an arrestee of the right to independent evaluation and testing found in § 60-6,199. Challenges to a failure to give an advisement on due process grounds have been considered and repeatedly rejected by other courts. For example, in *Kesler v. Department of Motor Vehicles*, 1 Cal. 3d 74, 459 P.2d 900, 81 Cal. Rptr. 348 (1969), the California Supreme Court stated that the legislation at issue therein did not require the arresting officer to advise the driver of the availability of an additional test at his own expense and that the principles of due process did not so require. The court observed that due process required an opportunity for additional testing but not an advisement. Compare *Montano v. Superior Court Pima County*, 149 Ariz.

385, 719 P.2d 271 (1986) (stating that due process requires giving advisement that independent breath testing is available only where state does not perform chemical tests). In view of the language of § 60-6,199 and constitutional principles, we agree with the California Supreme Court that where an arrestee is unimpeded, due process does not require giving an advisement.

We have referred to *South Dakota v. Neville*, 459 U.S. 553, 103 S. Ct. 916, 74 L. Ed. 2d 748 (1983), earlier in this opinion and again find its analysis helpful in our consideration of Wang's due process argument. *Neville* involved the use of evidence of a defendant's refusal to take a chemical test where the defendant had not been advised that refusal could be used against him in court. The U.S. Supreme Court held that the use of evidence of the defendant's refusal to take a test, albeit unwarned, "comported with the fundamental fairness required by Due Process." 459 U.S. at 566. The Court reasoned that due process did not require advisement of statutory, as opposed to constitutional, rights and that due process did not require an advisement of all potential consequences of a defendant's choices surrounding testing.

[4,5] By similar reasoning, we conclude that there is no due process violation if the officer does not give an advisement of the statutory right to independent evaluation and testing under § 60-6,199. No advisement is required by the statute, and because the rights are statutory rather than constitutional, due process does not require an advisement. Because there is no statutory or constitutional requirement that a defendant be advised of his or her rights under § 60-6,199, there is no constitutional requirement that an advisement must be given in a language the defendant understands. Other courts have applied similar reasoning. In *People v. Wegielnik*, 152 Ill. 2d 418, 428, 605 N.E.2d 487, 491, 178 Ill. Dec. 693, 697 (1992), the Supreme Court of Illinois stated: "Because due process does not require that . . . warnings [regarding the consequences of refusal] be given at all, it does not

require that they be given in a language the defendant understands." For the foregoing reasons, we reject Wang's due process argument.

[6] Finally, Wang contends that his right to equal protection was violated because the advisement was given in a language he did not understand. His argument is based on disparate treatment between those who speak English and those who do not. The State directs us to *Rodriguez v. State*, 275 Ga. 283, 565 S.E.2d 458 (2002). An argument similar to that asserted by Wang was rejected in *Rodriguez* wherein the defendant raised an equal protection challenge involving a statute which required that an implied consent notice be read to an arrestee. In *Rodriguez*, the Supreme Court of Georgia rejected the arrestee's challenge and noted, inter alia, that although the statute required that a certain notice be read to an arrestee, the statute did not require that the notice be read in English. The Georgia court stated that "[w]hen a statute does not create a classification on its face, it only violates equal protection when the defendant can show the law was enacted or applied with a discriminatory purpose." 275 Ga. at 286, 565 S.E.2d at 461.

In the present case, the Nebraska statute, § 60-6,199, does not require any advisement, much less require that an advisement be given in English. Therefore, the statute on its face does not differentiate between English speakers and others. Wang needed to show that, as applied, the officer's reading of the advisement in English was done with a discriminatory purpose. The district court found that the officer's failure to advise Wang in a language he understood was not the equivalent of hampering Wang's efforts to obtain an independent test. We construe this as a finding that there was no discriminatory purpose behind the officer's giving the advisement in English. Because the officer was not required to give an advisement, either statutorily or constitutionally, we agree with the district court's analysis that there was no discriminatory purpose in the officer's failure to give an advisement in

a language that Wang understood and that there was no equal protection violation.

## CONCLUSION

The district court did not err when it determined that there was neither a statutory nor constitutional requirement for the officer to advise Wang of his right to independent evaluation and testing under § 60-6,199. As such, the failure to give an advisement in a language Wang understood was not a violation of his due process or equal protection rights, as the district court found. We therefore conclude that the district court did not err when it overruled Wang's motion to suppress and received evidence of the results of the chemical breath test at trial. We affirm Wang's conviction for DUI, third offense.

Affirmed.

Heavican, C.J., not participating.