STATE OF NEBRASKA, APPELLEE, V. HERBERT L. RICHTER,
APPELLANT.

408 N.W.2d 324

Filed July 2, 1987.    No. 86-884.

Herbert L. Richter, pro se.

Barry Waid, Special Scottsbluff City Prosecutor, Robert M. Spire, Attorney General, and Lisa D. Martin-Price, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendant, Herbert L. Richter, was charged with third offense driving while intoxicated and with refusing to submit to a chemical blood, breath, or urine test in violation of ordinances of the city of Scottsbluff.

At the arraignment on February 4, 1986, the defendant pleaded not guilty, the public defender was appointed to represent him, and he was released on his own recognizance. The defendant moved to suppress all evidence derived from the stop of the defendant's vehicle on February 4, 1986, on the grounds the stop was warrantless and without probable cause. This motion and his motion for a jury trial were denied after a hearing.

At the start of the trial, March 7, 1986, the defendant's motion to sequester the witnesses was sustained. The trial court found the defendant guilty on both counts, reserved ruling on the validity of prior convictions as to count I, and set a date for the enhancement hearing.

The defendant then filed several motions, including a motion to "fire public defender," a motion for a posttrial hearing, and a motion for "forma pauperis." The public defender moved for leave to withdraw from continued representation of the defendant. The defendant then moved to strike the testimony of the arresting officer, for a stay of execution of sentence pending appeal, and for additional discovery.

The motions were heard at the sentencing hearing on July 10, 1986. The trial court granted the public defender's motion to withdraw and overruled the defendant's motions for a posttrial hearing, to strike the officer's testimony, and for discovery. The court sustained the defendant's motions to proceed in forma pauperis, granted a stay of sentence for the purpose of an appeal, and waived filing fees due to the defendant's indigency.

The trial court then found the State had proved three valid prior convictions and found the defendant guilty of third offense driving while under the influence of alcoholic liquor. On count I the defendant was sentenced to 180 days in jail, fined $500 and costs, and his license was suspended for 15 years. On count II he was sentenced to 7 days in jail, he was fined $200 and costs, and his license was suspended for 6 months, the sentence and suspension on each count to run concurrently.

The defendant appealed to the district court, which affirmed the judgment of the county court. This appeal followed.

The defendant contends the district court erred in finding him guilty beyond a reasonable doubt, in not finding his constitutional rights had been violated, in finding he had competent counsel, and in affirming the judgment even though there had been an allegedly improper communication with a witness.

The record shows the defendant was stopped by Officer Mayo of the Scottsbluff Police Department on February 4, 1986, after the officer had observed the vehicle swerve and

accelerate beyond the posted speed limit. Prior to stopping the vehicle the officer had paced the vehicle and estimated it was traveling 43 miles per hour in a 30 miles-per-hour zone.

The officer observed the defendant stumble and nearly fall when exiting from the driver's side of his vehicle. Upon approaching the defendant the officer detected the odor of alcohol and observed that the defendant's face was flushed, his eyes red and watery, and his speech thick and slurred. When asked to do two field sobriety tests, the defendant failed both of them. The officer then arrested the defendant for driving while under the influence of alcoholic liquor.

Because the defendant wanted the passenger to drive his vehicle home, the officer asked the defendant's passenger to show his driver's license. The passenger said he did not have a license and was too intoxicated to drive. The officer then observed some alcohol in the vehicle. All of the conversation with the defendant and the passenger was recorded by the officer.

The defendant was taken to the police station and advised of the implied consent statutes. At first the defendant refused to take a breath test, but finally agreed to do so. The officer was unable to get an accurate reading from the breath test because the defendant did not blow into the mouthpiece of the machine in the correct manner. A videotape of the breath test was received in evidence.

The defendant first contends the evidence presented was insufficient to sustain his convictions. This argument is not supported by the record or the law.

The evidence is that the officer observed the defendant had the odor of alcohol on his breath, he slurred his speech, he had bloodshot eyes, his recitation of the alphabet was unintelligible, he could not pass a second sobriety test, and he had swerved his vehicle over the centerline of the road. This evidence was sufficient to sustain a finding that the defendant had ingested sufficient alcohol to impair his ability to operate a motor vehicle. *State v. Burling,* 224 Neb. 725, 400 N.W.2d 872 (1987).

Further, this court will not

> "resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or

weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it."

*State v. Klingelhoefer*, 222 Neb. 219, 223, 382 N.W.2d 366, 369 (1986) (quoting *State v. Warnke*, 221 Neb. 625, 380 N.W.2d 241 (1986)).

Similarly, the evidence was sufficient to sustain the conviction for refusing a chemical breath test. The test as to whether a driver has refused to submit to a test is whether the driver conducted himself in such a way that a reasonable person would have been justified in believing the driver had understood he had been asked to take the test but refused to do so. *State v. Bishop*, 224 Neb. 522, 399 N.W.2d 271 (1987). Here, the evidence shows the defendant understood he had been asked to take a breath test, but refused to do so correctly.

The defendant next argues that his constitutional rights were violated because his request for a jury trial was denied. In *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651 (1986), we held that the denial of a jury trial pursuant to Neb. Rev. Stat. § 24-536 (Reissue 1985) for a violation of a municipal ordinance was proper where the offense charged was petty. Section 24-536 provides that jury trials are not required for criminal cases arising under city or village ordinances. Accordingly, this assignment of error is overruled.

The defendant next contends his appointed counsel was incompetent. This assignment of error is wholly unsupported by the record. Further, the defendant has not shown that but for the alleged errors there is a reasonable probability the result of the case would have been different. *State v. Peery*, 223 Neb. 556, 391 N.W.2d 566 (1986). This assignment of error is also overruled.

The defendant's last assignment of error concerns testimony of William E. Smith, the chief of police of Mitchell, Nebraska, that was offered at the July 10, 1986, hearing on the defendant's "Motion to Demand Post Trial Hearing." The motion alleged in part that the defendant was

claiming violation of the following Civil and, or Constitutional Rights: A. . . . and Unrecored [sic] Witness

for the State, Police Chief William Smith of The City of Mitchell, Scottsbluff [sic] County, Nebraska, who was not confronted nor heard publicly by the defendant either before or during trial, on 3-7-86 in County Court.

Smith testified that he was present at the courthouse on March 7, 1986, at the request of the county attorney so that he might be called as a rebuttal witness; that he had seen the defendant walk without the use of canes or crutches; and that he did not talk to the trial court or conspire with the court about the sentence that should be imposed on the defendant.

The defendant called Eldora DeOllos, who testified she had seen the defendant run without a cane a long time ago, but throughout the day he usually uses a cane or walker to get around. No other evidence was presented. The trial court overruled the motion.

Apparently, the defendant believed that somehow the police chief had intervened or interfered in his trial. There was no evidence to support that claim, and on the record presented the ruling on the motion was correct.

The judgment is affirmed.

AFFIRMED.