**Herbert L. RICHTER, Appellant,**

v.

**Charles L. FAIRBANKS, Scotts Bluff County Sheriff, Appellee.**

**No. 89–2199.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1990.

Decided May 23, 1990.

---

Before LAY, Chief Judge, and BEAM, Circuit Judge, and HANSON,* Senior District Judge.

LAY, Chief Judge.

Herbert L. Richter brought a petition for a writ of habeas corpus challenging the denial of his request for a jury trial arising from his conviction for driving while under the influence of alcohol (DWI), third offense, in violation of Scottsbluff, Nebraska, ordinances. The district court[1] denied him relief. We find he was entitled to a jury trial, and conditionally grant him a writ of habeas corpus.

BACKGROUND

Nebraska law specifically authorizes cities and villages to pass their own DWI ordinances. Neb.Rev.Stat. § 39–699.07 (Reissue of 1988). In the case of conviction on a third-offense DWI, the ordinance must include a 15–year revocation of the offender's driver's license, in addition to other penalties. Neb.Rev.Stat. § 39–699.07. County courts have jurisdiction over prosecutions for violations of city and village ordinances, Neb.Rev.Stat. § 24–533 (Reissue of 1985), but jury trials are not permitted in such cases. Neb.Rev.Stat. § 24–536 (Reissue of 1985).

Richter was charged with third-offense DWI under Scottsbluff Ordinance 21–2140, and with refusing to take a breath test under Scottsbluff Ordinance 21–2143. After his case was set for trial in county court, Richter filed a written demand for a jury trial. The judge denied the motion, and after trial found him guilty on both charges.

Under Scottsbluff Ordinance 21–2140, the penalty for third-offense DWI is three to six months imprisonment, revocation of the offender's driver's license for 15 years, and a $500 fine. The penalty for refusing to take a breathalyzer test is seven days imprisonment, a $200 fine, and a six month suspension of driving privileges. The court imposed the maximum sentence for each

Randall L. Lippstreu, Scottsbluff, Neb., for appellant.

Dave Eubanks, Gering, Neb., for appellee.

---

* The Honorable WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable Warren K. Urbom, United States District Court for the District of Nebraska.

violation, with the two sentences to run concurrently.

Richter appealed to the state district court for Scottsbluff County, and then to the Nebraska Supreme Court. His convictions were upheld. *State v. Richter,* 225 Neb. 871, 408 N.W.2d 324 (1987).[2] Richter thereafter filed this petition in federal court. The magistrate recommended denying the petition, and the district court adopted the recommendation without comment. Richter appealed.

## DISCUSSION

The Supreme Court in *Duncan v. Louisiana,* 391 U.S. 145, 156, 88 S.Ct. 1444, 1451, 20 L.Ed.2d 491 (1968), emphasized the important safeguards derived from a trial by one's peers in serious cases:

> The framers of the constitutions strove to create an independent judiciary but insisted upon further protection against arbitrary action. Providing an accused with the right to be tried by a jury of his peers gave him an inestimable safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge. If the defendant preferred the common-sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single judge, he was to have it.

In *Blanton v. City of North Las Vegas,* 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989), however, the Court reaffirmed that "there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision." *Id.* 109 S.Ct. at 1291 (citation omitted). The court made clear the distinction between a petty and serious offense lies in the "objective indications of the seriousness with which society regards the offense," and that the most important objective indication is "the severity of the maximum authorized penalty." *Id.* at 1292 (citations omitted). A maximum authorized prison term of more than six months implicates the right to a jury trial, while a term of six months or

less creates a presumption of no jury trial right. *Id.* at 1293. A defendant facing a maximum possible term of six months or less may still be entitled to a jury trial "if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." *Id.* at 1293.

■ Richter argues, first, that he in fact faced a maximum possible prison term of six months and seven days, because the court could have required his terms to run consecutively instead of concurrently. Second, he argues that the penalty revoking his license for 15 years, when added to the maximum six month prison term, indicates a legislative determination that third-offense DWI constitutes a serious criminal offense, for which he should be entitled to a jury trial.

The *Blanton* Court did not indicate whether the sixth amendment requires aggregating the maximum possible term for each count of a multiple-count conviction to determine if the total exceeds six months even though none of the individual sentences does. We need not reach that issue in this case, however, because we conclude that the 15–year license revocation, considered together with the maximum six month prison term, is a severe enough penalty to indicate that the Nebraska legislature considers third-offense DWI a serious crime.

Revocation of a license to operate a motor vehicle very often can work a substantial hardship on its holder. *See Argersinger v. Hamlin,* 407 U.S. 25, 48, 92 S.Ct. 2006, 2018, 32 L.Ed.2d 530 (1972) (Powell, J. concurring) (revocation of driver's license "is more serious for some individuals than a brief stay in jail"); *see also* Note, *The Federal Constitutional Right to Trial by Jury for the Offense of Driving While Intoxicated,* 73 Minn.L.Rev. 122, 139–40 n.

---

**2.** The Nebraska Supreme Court held that defendant's constitutional right of trial by jury was not denied because the violation of the municipal ordinance for a petty offense did not require a jury trial. The court pointed out section 24–536 of the Nebraska Revised Statutes provides that jury trials are not required for criminal cases arising under city or village ordinances.

118 (1988). The Nebraska Supreme Court has made clear its view that the long-term revocation of a driver's license for third-offense DWI "is a terrible burden (albeit deserved) on the offender."[3] *State v. Peiffer*, 212 Neb. 864, 326 N.W.2d 844, 845 (1982). In view of the high degree to which individuals in a modern society depend upon their automobiles for the pursuit of their livelihood, we must concur with this assessment. By mandating the imposition of such a heavy burden on the third-time DWI offender, in addition to the prison term, the Nebraska legislature manifested the kind of strong disapproval associated with a serious crime.

We acknowledge we should not substitute our judgment for that of the legislature in determining what is deemed a serious crime. However, in applying the constitutional right to jury trial, *Blanton* specifically counsels us not to automatically consider a crime petty merely because the legislature sets the maximum sentence at six months or less. We must also consider the severity of the other attached penalties. 109 S.Ct. at 1292.

The Supreme Court's analysis of the facts in *Blanton* supports our conclusion that adding the 15-year license revocation to the six month prison term resulted in a penalty severe enough to warrant a jury trial in this case. In *Blanton* a DWI conviction led to a penalty of up to six months imprisonment, a $1000 fine, a 90-day suspension of the offender's driver's license, and compelled attendance at an alcohol abuse education course. Because the maximum possible prison sentence did not exceed six months, the Court weighed the severity of the additional statutory penalties. The Court held that the $1000 fine was not "out of step" with a six month sentence, and that the required education course "[could] only be described as *de minimis.*" 109 S.Ct. at 1294 n. 9. With regard to the license suspension, the Court was unable to determine if the suspension ran concurrently with the prison term. But even if the suspension were consecutive, the court observed that the offender could obtain a restricted license after 45 days. A full suspension for 45 days and a partial suspension for another 45 days was not severe enough to raise sixth amendment concurs. *Id.*

Far from ruling out consideration of license revocations, the Court's decision implies that license revocations are exactly the kind of "additional statutory penalties" we should consider. While a 90-day suspension was not severe enough to raise sixth amendment concerns, a 15-year revocation is a substantial burden on the offender that is completely "out of step" with a six month prison term. Upholding this conviction would permit the Nebraska legislature to defeat the right to a jury trial by keeping the prison sentence to no more than six months, while finding other severe penalties to punish what it considers to be a serious offense.

■ We therefore conclude that Richter was denied his sixth amendment right to a jury trial. Furthermore, a necessary implication of this conclusion is that Neb.Rev. Stat. § 24–536 is unconstitutional as applied in this case. That statute forbids jury trials for violations of city and village ordinances, including the third-offense DWI violations.

CONCLUSION

Although both counts were tried together, a jury trial is required only for the DWI count. We find no constitutional deficiency in the conviction on the refusal to take a breathalyzer test. Petitioner's claims in this regard are clearly without merit; the reasoning of the magistrate sufficiently refutes them.

The denial of the writ of habeas corpus is reversed and the cause is remanded to the district court with directions that the writ be conditionally granted. If the state

---

3. The court was considering an earlier version of the statute underlying the ordinance at issue here. Under the statute existing at that time, the license revocation was for life. 326 N.W.2d at 845. The court considered the revocation such a serious penalty that the court could not say with certainty that the Nebraska legislature had lowered the overall penalty for third-offense DWI by changing the penalty from five years imprisonment, to a $10,000 fine, and a one-year suspension of driving privileges, to a maximum of six months imprisonment, a $500 fine, and a lifetime revocation of driving privileges.

court, within a reasonable time to be determined by the federal district court, vacates petitioner's judgment of conviction for his DWI offense and grants him a new trial, the district court shall then dismiss the petition. If the state court fails to do so within a reasonable time, the district court shall require the writ of habeas corpus to be granted unconditionally.

BEAM, Circuit Judge, dissenting.

I respectfully dissent. The majority acknowledges that "[w]e should not substitute our judgment for that of the [Nebraska] legislature in determining what is deemed a serious crime." *Supra* at 1205. I agree. Since section 24–536, Nebraska Revised Statutes, makes the charge involved here a petty offense, we are doing just that.

In this case, the Nebraska Supreme Court has also analyzed the penalty (as we have done) within the framework of *Blanton v. City of North Las Vegas*, 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). We disregard the Nebraska court's conclusions and substitute our own. Applying the test enunciated in *Blanton*, I believe this to be a petty offense for the purposes of determining the need for a jury trial.

Accordingly, I would affirm the district court's denial of a writ.