UNITED STATES of America,
Plaintiff,

v.

William Lee SMITH, Defendant.

No. 01–CR–49–M.

United States District Court,
N.D. Oklahoma.

June 19, 2001.

Ann Patterson Dooley, Assistant United States Attorney, Tulsa, OK, for plaintiff.

Jack (John B.) Schisler, Federal Public Defender's Office, Tulsa, OK, for defendant.

### *ORDER*

McCARTHY, United States Magistrate Judge.

Defendant's Motion for a Jury Trial [Dkt. 14] is before the Court for decision. Defendant is charged with Assault by Striking, Beating or Wounding in violation of 18 U.S.C. § 113(a)(4). The alleged victim is Defendant's ex-wife. On conviction, the penalty faced by the Defendant is 6 months imprisonment and a fine of $5,000. Additionally, because the alleged victim is Defendant's ex-wife, on conviction Defendant would be prohibited from possession of a firearm for life. 18 U.S.C. § 922(g).

The Court has adopted the framework for deciding Defendant's motion discussed in *Richter v. Fairbanks,* 903 F.2d 1202 (8th Cir.1990).

The Supreme Court in *Duncan v. Louisiana,* 391 U.S. 145, 156, 88 S.Ct. 1444, 1451, 20 L.Ed.2d 491 (1968), emphasized the important safeguards derived from a trial by one's peers in serious cases:

The framers of the constitutions strove to create an independent judiciary but insisted upon further protection against arbitrary action. Providing an accused with the right to be tried by a jury of his peers gave him

an inestimable safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge. If the defendant preferred the common-sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single judge, he was to have it."

In *Blanton v. City of North Las Vegas*, 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989), however, the Court reaffirmed that "there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision." Id. 109 S.Ct. at 1291 (citation omitted). The court made clear the distinction between a petty and serious offense lies in the "objective indications of the seriousness with which society regards the offense," and that the most important objective indication is "the severity of the maximum authorized penalty." Id. at 1292 (citations omitted). A maximum authorized prison term of more than six months implicates the right to a jury trial, while a term of six months or less creates a presumption of no jury trial right. Id. at 1293. A defendant facing a maximum possible term of six months or less may still be entitled to a jury trial "if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." Id. at 1293.

In *Richter*, in addition to 6 months imprisonment, the Defendant faced a possible 15 year revocation of his driver's license. The court concluded that the license revocation made the offense "serious" under the reasoning of *Blanton* and therefore entitled the Defendant to a jury trial.

In the present case the question is whether the lifetime prohibition of possession of a firearm in addition to 6 months imprisonment makes the offense serious under *Blanton* and therefore entitles Defendant to a jury trial.

Citing *U.S. v. Chavez*, 204 F.3d 1305 (11th Cir.2000), the Government argues that the lifetime prohibition on firearm possession does not make the penalty serious. The undersigned is unpersuaded by the court's reasoning in *Chavez* and concludes that the penalty is serious.

In *Chavez*, the court focused on the fact that in 18 U.S.C. § 921(a)(33)(B)(i)(II) Congress recognized that some domestic violence offenses do not carry the right to a jury trial even though a conviction results in the prohibition of firearm possession. However, the issue is not whether Congress recognized a right to a jury trial for domestic violence offenses. The issue is whether the penalty Congress attached to the offense was serious enough to entitle the Defendant to a jury trial under the 6th Amendment. Having examined that issue, the Court finds that a lifetime prohibition on the possession of a firearm is a serious penalty which entitles a Defendant to a jury trial under the 6th Amendment.

Possession of a firearm for military purposes, self protection and sport has been an important aspect of American life throughout our history. Today, the issue of Governmental restriction of firearm possession is hotly debated. Substantial segments of American society hold strong opinions on the issue. Many advocate strict government restrictions on the ability to possess firearms while many others take the opposite view and consider firearms possession to be an integral part of their lives. In this context, the issue is very serious. Moreover, the categories of persons prohibited from possessing firearms under 18 U.S.C. § 922(g) and the

penalties imposed under 18 U.S.C. § 924 for violating the prohibition (10 years) demonstrate that Congress views the prohibition as serious.

The Court finds that a lifetime prohibition on the possession of a firearm is a serious penalty and, when combined with 6 months imprisonment, entitles a Defendant to the common-sense judgment of a jury. Defendant's Motion for a Jury Trial [Dkt. 14] is GRANTED.