Justice ALBIN,
dissenting.
A person facing a fourth conviction for driving while intoxicated (DWI) has a right to a jury trial in every state except one — New Jersey. Our state holds this dubious distinction because, in the case of third and subsequent DWI offenses, the majority elevates *129 “the State’s interest in the efficiency and cost-saving benefits of non-jury trials,” State v. Denelsbeck, 225 N.J. 103, 126, 137 A.3d 462, 2016 WL 2747896 (2016), above the Sixth Amendment guarantee of the right to a jury trial. However inefficient and costly a jury trial may be, the right to one is enshrined in the Federal Bill of Rights.[1] “A jury trial is self-government at work in our constitutional system,” and in our democratic society a jury verdict is the ultimate validation of the guilt or innocence of a defendant. Allstate New Jersey v. Lajara, 222 N.J. 129, 134, 117 A.3d 1221 (2015).
In this case, a municipal court judge denied defendant James Denelsbeek’s request for a jury trial despite the array of severe penalties he faced for a fourth DWI conviction. After a bench trial, the judge convicted defendant of DWI and imposed the following sentence: a mandatory 180-day jail term; an additional twelve hours of participation at an Intoxicated Driver Resource Center (IDRC); ten-year’s loss of license privileges; fines, penalties, costs, and surcharges totaling about $6500; and the installment of an ignition interlock device in defendant’s automobile for a period of two years after completing his license suspension.
In Blanton v. North Las Vegas, the United States Supreme Court held that although a potential sentence exceeding 180 days in jail automatically triggers the right to a jury trial, the right is still guaranteed when a sentence of less than six months is packed with additional “onerous penalties.” 489 U.S. 538, 542-44, 109 S.Ct. 1289, 1293, 103 L.Ed.2d 550, 556-57 (1989). In light of Blanton, this Court declared in State v. Hamm that “the closer the DWI system actually comes to the six-month incarceration line, the less room there may be for other penalties” without offending the Sixth Amendment’s jury trial right. 121 N.J. 109, *130 130, 577 A.2d 1259 (1990), cert. denied, 499 U.S. 947, 111 S.Ct. 1413, 113 L.Ed.2d 466 (1991).
We have crossed the red line set in Blanton and Hamm. We justified withholding the right to a jury trial for a third-time DWI offense in Hamm based on the “rehabilitative emphasis in New Jersey’s DWI laws” at the time. Ibid. Indeed, in Hamm, the defendant was not imprisoned, but ordered to perform community service and undergo inpatient and outpatient therapy. Ibid.
The primary focus of New Jersey’s DWI laws today is not rehabilitation, but rather punishment and deterrence. Defendant’s mandatory 180-day jail term, standing alone, was at the outermost constitutional limit without triggering the right to a jury trial. Surely, the packing of an additional twelve hour IDRC requirement and extremely onerous licensure and financial penalties breached the constitutional threshold.
This case is not the time to draw another red line. This case is the time for the Court to honor the promise it made twenty-five years ago in Hamm. This case is the time for the Court to confer on third and subsequent DWI offenders the fundamental right guaranteed by the Sixth Amendment and guaranteed in every other state and the District of Columbia — -the right to a jury trial. Because the enforced bench trial denied defendant a basic right protected by the United States Constitution, I respectfully dissent.
I.
A.
“[A] defendant is entitled to a jury trial whenever the offense for which he is charged carries a maximum authorized prison term of greater than six months.” Blanton, supra, 489 U.S. at 542, 109 S.Ct. at 1293, 103 L.Ed.2d at 556. However, even when a defendant is not facing a sentence of more than six months, he is still entitled to a jury trial if “additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination *131 that the offense in question is a ‘serious’ one.” Id. at 543, 109 S.Ct. at 1293, 103 L.Ed.2d at 556. The right to a jury trial cannot be denied “where a legislature packs an offense it deems ‘serious’ with onerous penalties that nonetheless ‘do not puncture the 6-month incarceration line.’” Id. at 543, 109 S.Ct. at 1293, 103 L.Ed.2d at 556-57. Therefore, the nature of the penalties, not how the Legislature classifies the offense, ultimately determines when a defendant is entitled to a jury trial.
At the time this Court decided Hamm, supra, in 1990, the statutory penalties for a third or subsequent DWI offense were “not so severe as to clearly reflect a legislative determination of a constitutionally ‘serious’ offense requiring jury trial.” 121 N.J. at 111, 577 A.2d 1259. Then, an offender faced a non-mandatory 180-day jail term. State v. Laurick, 120 N.J. 1, 5, 575 A.2d 1340, cert. denied, 498 U.S. 967, 111 S.Ct. 429, 112 L.Ed.2d 413 (1990). The municipal court was authorized to commute the sentence to ninety days’ community service and a combination of ninety days of inpatient and outpatient alcohol rehabilitation therapy. Ibid. Indeed, the defendant in Hamm was sentenced “to ninety days of community service, twenty-eight days in an inpatient program and sixty days in an outpatient program.” Hamm, supra, 121 N.J. at 111, 577 A.2d 1259. Additionally, “[t]he court fined defendant $1,000; imposed a surcharge of $100 and $15 court costs; and suspended his license for ten years.” Ibid, (citation omitted). Furthermore, offenders were required to pay a $3000 to $4500 insurance surcharge and a $100 Drunk Driving Enforcement Fund surcharge. Laurick, supra, 120 N.J. at 5-6, 575 A.2d 1340.
The Court in Hamm concluded by noting that
Blanton now appeal’s to embrace a spectrum of values, a continuum rather than a clear contrast: the closer the DWI system actually comes to the six-month incarceration line, the less room there may be for other penalties. For now, given the rehabilitative emphasis in New Jersey’s DWI laws (Hamm will serve no county-jail time; his sentence is split between community service and rehabilitation), we find the Blanton criteria not to be violated.
[121 N.J. at 130, 577 A.2d 1259.]
*132 B.
After Hamm, the Legislature steadily imposed more severe penalties for a third or subsequent DWI offense, including a mandatory custodial term. In 2004, the Legislature provided that a defendant convicted of a third or subsequent DWI offense “shall be sentenced to imprisonment for a term of not less than 180 days,” with the sole exception that “the court may lower such term for each day, not exceeding 90 days, served participating in a drug or alcohol inpatient rehabilitation program.” See L. 2003, c. 315 (emphasis added). Importantly, only defendants with the financial resources to pay for an inpatient program will receive such treatment if the option is offered by the court. Here, defendant was sentenced to serve the entirety of his custodial term in the county jail.
In 1999, the Legislature passed N.J.S.A. 39:4-50.17, which required second or subsequent DWI offenders to install an ignition interlock device on vehicles they owned during the period of their license suspension and for one to three years thereafter. See L. 1999, c. 417. The cost of an ignition interlock device for just the three-year period after completion of the ten-year license suspension is approximately $3000. Additional penalties added since Hamm are the $100 Alcohol Education, Rehabilitation and Enforcement Fund fee, see L. 1995, c. 243 (raised to $100 from $80); $100 DWI surcharge, see L. 2002, c. 34; $75 Safe Neighborhoods Services Fund assessment, see L. 1993, c. 220; $50 violent crime assessment, see L. 1990, c. 64, L. 1991, c. 329; and $6 motor vehicle offense fine supplement, see L. 1997, c. 177, L. 2007, c. 174.
The jail term, license suspension, and financial and other penalties imposed on defendant far exceed those imposed in Hamm— and Hamm was a close call in deciding whether the jury-trial right attached. See Hamm, supra, 121 N.J. at 130, 577 A.2d 1259. Here, defendant must serve the entirety of his 180-day county jail sentence. The court, moreover, imposed a ten-year license suspension, twelve-hour participation in an IDRC, a two-year post-suspension ignition interlock device costing approximately $2000, a *133 $3000 insurance surcharge, a $1000 fine, and $431 in other penalties and assessments.
II.
A.
Under the statutory regime in place when this Court decided Hamm, the Court held that the Legislature did not consider third and subsequent DWI offenses “serious” because “[t]he law allows for various alternatives to incarceration, with a strong emphasis on community service and rehabilitative alternatives.” Id. at 126-28, 577 A.2d 1259. It is now clear that “the Legislature has so ‘packed’ the offense of DWI that it must be regarded as ‘serious’ for sixth-amendment purposes.” See id. at 114-15, 577 A.2d 1259.
The most significant statutory change since Hamm is the 180-day mandatory custodial period. See Blanton, supra, 489 U.S. at 542, 109 S.Ct. at 1292, 103 L.Ed.2d at 556 (“[B]ecause incarceration is an ‘intrinsically different’ form of punishment, it is the most powerful indication of whether an offense is ‘serious.’ ” (citation omitted)). As we stated in Hamm, supra, “the closer the DWI system actually comes to the six-month incarceration line, the less room there may be for other penalties.” 121 N.J. at 130, 577 A.2d 1259. New Jersey’s DWI statutory scheme is now at the 180-day demarcation line. The statutory packing of other “onerous penalties” to accompany the 180-day mandatory jail term clearly reflects a legislative determination that a fourth-time DWI is a “serious” offense, thereby triggering the right to a jury trial. See Blanton, supra, 489 U.S. at 543, 109 S.Ct. at 1293, 103 L.Ed.2d at 556-57.
The Legislature’s failure to classify a third or subsequent DWI as a crime cannot be determinative. Defendant’s DWI sentence exceeded the custodial term and penalties customarily imposed for a fourth-degree crime under N.J.S.A. 2C:43-l(a) for which there is a jury-trial right. A first-time fourth-degree offender, although exposed to a sentence not to exceed eighteen months in jail, *134 N.J.S.A. 2C:43-6(a)(4), benefits from a presumption of non-incarceration. N.J.S.A. 2C:44-l(d), (e). No custodial term is required of a fourth-degree offender. Moreover, although a fourth-degree offender faces a potential $10,000 fine, N.J.S.A. 2C:43-3(b)(2), no fine is required. In short, a third or subsequent DWI offender typically not only will serve a longer custodial sentence and pay a greater fine than a person convicted of a fourth-degree crime, but also will face the additional penalty of a ten-year license suspension. Yet, a fourth DWI offense will be tried before a judge.
The majority’s position also is at odds with Richter v. Fairbanks, 903 F.2d 1202 (8th Cir.1990), which is substantially similar to the case before us. In Richter, the defendant was convicted of his third DWI and sentenced to six months’ imprisonment, a fifteen-year license suspension, and a $500 fine. Id. at 1203. The court held “that adding the 15-year license revocation to the six month prison term resulted in a penalty severe enough to warrant a jury trial” under Blanton. Id. at 1205. While, here, defendant’s license suspension is ten years rather than fifteen, his fines, fees, and costs are approximately fifteen times those imposed on the defendant in Richter.
B.
Had defendant been charged with a fourth DWI in any other state or in the District of Columbia, he would be entitled to a jury trial. New Jersey alone denies him this right. Indeed, a national survey reveals how far out of the mainstream our laws and jurisprudence are concerning the jury-trial right of those charged with DWI offenses.
In forty states, a defendant has a right to a jury trial for a first DWI offense. See Dissent Appendix. In five states and the District of Columbia, the right attaches for a second offense. Ibid. In three, a defendant has a right to a jury trial beginning with his third offense. Ibid. In only one state — Hawaii—does a defendant not gain the right to a jury until his fourth offense. Ibid.
*135 Additionally, many states grant the right to a jury trial to DWI offenders facing much less severe penalties than those found in New Jersey’s statutory scheme for third-time DWI offenders. For example, Wisconsin provides a jury trial to second-time offenders, who face imprisonment of five days to six months, a fine of $350 to $1100, a one-year license suspension, and an ignition interlock device for at least one year. See Wis. Stat. §§ 343.30(lq), 343.301, 343.307, 346.63, 346.65, 939.12; State v. Slowe, 230 Wis. 406, 284 N.W. 4, 5-6 (1939). California provides a jury trial to first-time offenders, who face ninety-six hours to six months’ imprisonment, an ignition interlock device for up to three years, a fine of $390 to $1000, and a six-month license suspension. See Cal.Penal Code § 689; Cal. Veh.Code §§ 13352(a)(1), 23152, 23536(a), 23536(e), 23575(a)(1). Idaho also provides a jury trial for first-time DWI offenders, who face imprisonment of up to six months and up to a $1000 fine, a thirty-day mandatory license suspension, and an additional sixty to 150-day license suspension or restricted driving privileges. See Idaho Code § 18-8004, 18-8005(1), 19-1902; State v. Wheeler, 114 Idaho 97, 753 P.2d 833, 836 (1988). Last, Texas grants a jury-trial right to first-time offenders, who face seventy-two hours to 180 days’ imprisonment, a fine of up to $2000, and a license suspension of ninety days. See Tex. Penal Code Ann. §§ 12.22, 49.04; Tex. Transp. Code Ann. §§ 524.012, 524.022(a)(1); Chaouachi v. State, 870 S.W2d 88, 90 (Tex.Ct.App.1993).
Last, according to the majority, any additional penalty will tip the balance in favor of a jury trial. In light of the extremity of the majority’s position, that stand is reasonable. However, going forward, we will have the absurd scenario in which a third-time DWI offender who refuses to take a breathalyzer test, and therefore faces a mandatory twenty-year license suspension, will be entitled to a jury trial, see N.J.S.A. 39:4-50.4a(a), whereas the motorist who takes the breathalyzer will be consigned to a bench trial.
*136 III.
Oftentimes, this Court has construed the New Jersey Constitution to provide greater rights than those granted under the United States Constitution. See, e.g., State v. Earls, 214 N.J. 564, 568-69, 584-85, 70 A.3d 630 (2013) (noting that New Jersey Constitution provides greater privacy rights to cell phone users than does Federal Constitution); State v. McAllister, 184 N.J. 17, 26, 32-33, 875 A.2d 866 (2005) (concluding that New Jersey Constitution, unlike Federal Constitution, protects interest in privacy of bank records); N.J. Coalition Against War in the Middle E. v. J.M.B. Realty Corp., 138 N.J. 326, 353, 650 A.2d 757 (1994) (providing broader free speech rights in shopping malls under New Jersey Constitution than provided by Federal Constitution), cert. denied sub nom., Short Hills Assocs. v. N.J. Coalition Against War in the Middle E., 516 U.S. 812, 116 S.Ct. 62, 133 L.Ed.2d 25 (1995). Here, in contrast, the majority will not honor one of the most basic of rights in our Federal Constitution — the right of this defendant to have a jury trial. A similarly situated defendant in any other state would not have been compelled to stand trial before a judge.
A jury trial may be inefficient and costly, but it is the embodiment of our democratic ethos and the process chosen by the Founders for the resolution of serious offenses. By any measure, under Blanton, a third or subsequent DWI conviction results in the imposition of a jail term and onerous license and financial penalties that trigger the Sixth Amendment right to a jury trial. Because defendant was denied his right to a jury trial, I respectfully dissent.
For affirmance — Chief Justice RABNER and Justices LaVECCHIA, PATTERSON and SOLOMON and Judge CUFF (temporarily assigned) — 5.
For dissent — Justice ALBIN — 1.
Not Participating — Justice FERNANDEZ-VINA — 1.

*137
Appendix A

This Court’s review of the DWI laws and jury trial rights in the other forty-nine states and the District of Columbia appears to establish that New Jersey is unique in not providing the right to a jury trial to any DWI offenders. However, the review also reveals key distinctions between the other jurisdictions and this State, based on the punishments and classifications of DWI and the rights guaranteed by individual state legislatures and constitutions, that explain this result.
I.
Eighteen states expose first-time DWI offenders to over six months’ confinement, thereby implicating the right to a jury trial under the Sixth Amendment:
1. Alabama authorizes up to a year in prison for a first offense. Ala.Code § 32-5A-191(e).
2. Arkansas authorizes up to a year in prison for a first offense. ArkCode Ann. § 5 — 65—111(a)(1)(A).
3. Colorado authorizes up to a year in prison for a first offense. Colo.Rev.Stat. § 42 — 4—1307(3)(a)(I).
4. Delaware authorizes up to a year in prison for a first offense. DelCode Ann. tit. 21, § 4177(d)(1).
5. Georgia authorizes up to a year in prison for a first offense. Ga.Code Ann. § 40-6-391(c)(l)(B).
6. Illinois classifies a first offense as a misdemeanor, 625 III. Comp. Stat. 5/11-501(e)(1), punishable by less than a year in prison, 730 III Comp. Stat. 5/5-4.5-55(a).
7. Iowa authorizes up to a year in prison for a first offense. Iowa Code § 321J.2(3)(a).
8. Maryland authorizes up to a year in prison for a first offense. Md.Code Ann., Transp. § 27-101(k)(l)(i).
9. Massachusetts authorizes up to two-and-one-half years in prison for a first offense. Mass. Gen. Laws ch. 90, § 24(l)(a)(l).
10. New York authorizes up to a year in prison for a first offense. N.Y. Veh. & Traf. Law § 1193(l)(b)(i).
11. Oklahoma authorizes up to a year in prison for a first offense. Okla. Stat. tit. 47, § 11 — 902(C)(1)(b).
12. Oregon classifies a first offense as a misdemeanor, Or.Rev.Stat. § 813.010(4), punishable by up to a year in prison, Or.Rev.Stat. § 161.615(1).
*138 13. Rhode Island authorizes up to a year in prison for a first offense. R.I. Gen, Laws § 31-27-2(d)(l)(i).
14. South Dakota classifies a first offense as a misdemeanor, S.D. Codified Laws § 32-23-2, punishable by up to a year in prison, S.D. Codified Laws § 22-6-2(1).
15. Tennessee authorizes up to eleven months and twenty-nine days in prison for a first offense. Tenn.Code Ann. § 55-10-402(a)(l)(A).
16. Vermont authorizes up to two years in prison for a first offense. Vi. Stat. Ann. tit. 23, § 1210(b).
17. Virginia classifies a first offense as a misdemeanor, VaCode Ann. § 18.2-270(A), punishable by up to a year in prison, Va.Code Ann. § 18.2-ll(a).
18. Washington authorizes up to 364 days in prison for a first offense. Wash Rev.Code § 46.61.5055(l)(a)(i).
II.
The remaining thirty-two jurisdictions, including the District of Columbia, expose second or subsequent DWI offenders to over six months’ confinement, thereby applying the federal right to a jury trial to those offenses:
1. Alaska authorizes not less than 240 days in prison for a fifth offense. Alaska Stat. § 28.35.030(b)(1)(E).
2. Arizona classifies a third or subsequent offense within eighty-four months as a felony, Ariz.Ren.Stat. Ann. § 28-1383(A)(2), (L)(l), punishable by up to three years in prison, Ariz.Rev.Stat. Ann. § 13-702(D).
3. California authorizes up to a year in prison for a second offense within ten years. Cal VehCode § 23540(a).
4. Connecticut authorizes up to two years in prison for a second offense within ten years. Conn. Gen.Stat. § 14-227a(g)(2)(B).
5. District of Columbia authorizes up to a year in prison for a second offense. D.C.Code § 50-2206.13(b).
6. Florida authorizes up to nine months in prison for a second offense. Fla. Stat. § 316.193(2)(a)(2)(b).
7. Hawaii authorizes an “indeterminate term of imprisonment of five years” for a fourth or subsequent offense within ten years. Haw.Rev.Stat. § 291E-61.5(a)(1), (b)(1), (b)(3)(A), (d)(1).
8. Idaho authorizes up to a year- in prison for a second offense within ten years. Idaho Code § 18-8005(4)(a).
9. Indiana classifies a second offense within five years as a felony, Ind.Code § 9-30-5-3(a)(l), punishable by up to two-and-one-half years in prison, Ind, Code § 35-50-2-7(b).
*139 10. Kansas authorizes up to a year in prison for a second offense. Kan. Stat. Ann. § 8-1567(b)(l)(B).
11. Kentucky authorizes up to a year in prison for a third offense within five years. Ky.Rev.Stat. Ann. § 189A.010(5)(e).
12. Louisiana authorizes one to five years in prison for a third offense. La. Stat. Ann. § 14:98.3(A)(1).
13. Maine authorizes not less than six months in prison for a fourth offense within ten years. Me. Stat. tit. 29-A, § 2411(5)(D)(2).
14. Michigan authorizes up to a year in prison for a second offense within seven years. Mich. Comp. Laws § 257.625(9)(b)(i).
15. Minnesota mandates at least 180 days in prison for a fourth offense within ten years, MinnStat. § 169A.275(3)(a)(l), and at least a year in prison for a fifth offense within ten years, MinnStat. § 169A.275(4)(a)(l).
16. Mississippi authorizes up to a year in prison for a second offense within five years. Miss.Code Ann. § 63 — 11—30(2)(b)(i).
17. Missouri classifies a second offense as a misdemeanor, Mo.Rev.Stat. § 577.023(2), punishable by up to a year in prison, Mo.Rev.Stat. § 558.011(1X5).
18. Montana authorizes up to a year in prison for a second offense. Mont-Code Ann. § 61-8-714(2)(a).
19. Nebraska classifies a fourth offense as a felony, Neb.Rev.Stat. § 60-6,197.03(7), punishable by up to three years in prison, Neb.Rev.Stat. § 28-105(1).
20. Nevada authorizes one year to six years in prison for a third offense within seven years. Nev.Rev.Stat. § 484C.400(l)(e).
21. New Hampshire classifies a second offense within ten years as a misdemean- or, N.H.Rev.Stat. Ann. § 265-A:18(IV)(a), punishable by up to a year in prison, N.H.Rev.Stat. Ann. § 625:9(IV)(a).
22. New Mexico authorizes up to 364 days in prison for a second offense. N.M. Stat. Ann. § 66-8-102(F).
23. North Carolina authorizes up to a year in prison for a second offense within seven years. N.C. GenStat. § 20 — 179(e)(1)(a), (h).
24. North Dakota classifies a third offense within seven years as a misdemeanor, N.D. CentCode § 39-08-01(3), punishable by up to a year in prison, N.D. CentCode § 12.1-32-01(5).
25. Ohio authorizes up to a year in prison for a third offense within six years. Ohio Rev.Code Ann. § 4511.19(G)(l)(c)(i).
26. Pennsylvania classifies a third or subsequent offense as a misdemeanor, 75 Pa. Cons.Stat. § 3803(a)(2), punishable by up to two years in prison, 18 Pa. ConsStat. § 1104(2).
27. South Carolina authorizes up to a year in prison for a second offense. S.C.Code Ann. § 56-5-2930(A)(2).
*140 28. Texas classifies a second offense as a misdemeanor, Tex. Penal Code Ann. § 49.09(a), punishable by up to a year in prison, Tex. Penal Code Ann. § 12.21(2).
29. Utah classifies a third or subsequent offense within ten years as a felony, Utah Code Ann. § 41-6a-503(2)(b)(i), punishable by up to five years in prison, Utah Code Ann. § 76-3-203(3).
30. West Virginia authorizes six months to a year in prison for a second offense. W.Va.Code§ 17C-5-2 (l).
31. Wisconsin authorizes up to a year in prison for a third offense. Wis. Stat. § 346.65(2)(am)(3).
32. Wyoming authorizes up to seven years in prison for a fourth or subsequent offense within ten years. Wyo. Stat. Ann. § 31-5-233(e).
III.
In addition, at least thirty-nine states have established a broader right to jury trials by statute, rule, or under their state constitutions, or have applied the right to DWI offenses, at least in part, by classifying DWI as a crime even when the attached penalty is for six months’ confinement or less:
1. Alabama provides that “[defendants in all criminal cases shall have the right to be tried by a jury[,]” Ala R.Crim. P. 18.1(a), and classifies DWI as a misdemeanor or felony, Ex parte Marshall, 25 So.3d 1190, 1194 (Ala.2009).
2. Alaska applies the right to a jury trial to all “offenses in which a direct penalty may be incarceration,” State v. Dutch Harbor Seafoods, Ltd., 965 P.2d 738, 741 (Alaska 1998), and authorizes not less than seventy-two hours in prison for a first offense, Alaska Stat. § 28.35.030(b)(1)(A).
3. Arizona applies the right to a jury trial to DWI defendants, Ariz.Rev.Stat. Ann. § 28-1381(F), even though a first offense is punishable by no less than ten days in jail, Ariz.Rev.Stat. Ann. § 28 — 1381(I)(1).
4. Arkansas applies the right to a jury trial “to all cases at law, without regard to the amount in controversy[J” Ark. Const, art. II, § 7, including misdemeanors, Winkle v. State [310 Ark. 713], 841 S.W.2d 589, 590 (Ark.1992), and classifies a first offense as a misdemeanor, Ark. Code Ann. § 5-65-111(a)(1)(A).
5. California provides that “[n]o person can be convicted of a public offense unless by verdict of a jury,” CalPenal Code § 689, and classifies DWI as a public offense, Cal. VehCode § 23152, punishable for a first offense by up to six months in prison, Cal. VehCode § 23536(a).
6. Colorado defines a petty offense as one not punishable by more than six months in prison or $500 in fines, and provides that “[a] defendant charged with a petty offense shall be entitled to a jury trial[.]” Colo.Rev.Stat. § 16-10-109(1), (2).
*141 7. Connecticut provides that a “party accused in a criminal action in the Superior Court may demand a trial by jury” unless the maximum penalty is a fine of $199, Conn. Gen.Stat. § 54-82b(a), and classifies a first offense, which is punishable by up to six months in prison, Conn. Gen.Stat § 14-227a(g)(l)(B)(i), as a misdemeanor, McCoy v. Comm’r of Pub. Safety [300 Conn. 144], 12 A.3d 948, 957-59 (Conn.2011).
8. Florida provides that, “[i]n each prosecution for a violation of a state law or a municipal or county ordinance punishable by imprisonment, the defendant shall have, upon demand, the right to a trial by an impartial jury[,]” Fla. Stat. § 918.0157, and authorizes up to six months in prison for a first offense, Fla. Stat. § 316.193(2)(a)(2)(a). Florida also explicitly applies the right to a jury trial to all DWI offenses. Fla. Stat. § 316.1934(4).
9. Georgia provides that criminal defendants “shall have a public and speedy trial by an impartial jury[,]” Ga. Const, art. I, § I, ¶ XI(a), and classifies a first offense as a misdemeanor, GaCodeAnn. § 40-6-391(e).
10. Hawaii applies the right to a jury trial when a defendant “may be imprisoned for six months or more.” Haw.Rev.Stat. § 806-60.
11. Idaho “provides a trial by jury for all public offenses which are potentially punishable by imprisonment!,]” State v. Wheeler [114 Idaho 97], 753 P.2d 833, 836 (Idaho 1988), and authorizes up to six months in prison for a first offense, Idaho Code § 18-8005(l)(a).
12. Illinois provides that “[e]very person accused of an offense shall have the right to a trial by jury” unless waived or for an “ordinance violation punishable by fine only[,]” 725 III. Comp. Stat. 5/103-6, and classifies DWI as a misdemeanor, 625 III Comp. Stat. 5/11 — 501(c)(1), punishable for a first offense by less than a year in prison, 730 III. Comp. Stat. 5/5-4.5-55(a).
13. Indiana provides that “[a] defendant charged with a misdemeanor may demand trial by jury[,]” Ind. R.CHm. P. 22, and classifies a first offense as a misdemeanor, Ind.Gode § 9-30-5-2(a), punishable by up to sixty days in prison, IndCode § 35-50-3-4.
14. Iowa provides the right to a jury trial “[i]n all criminal prosecutions, and in eases involving the life, or liberty of an individualf,]” Iowa Const, art. I, § 10, and classifies a first offense as a misdemeanor punishable by up to a year' in prison, Iowa Code § 321J.2(2)(a), (3)(a).
15. Kansas provides that “[t]he trial of misdemeanor cases shall be to the court unless a jury trial is requested in writing by the defendant^]” Kan. Stat. Ann. § 22-3404(1), and classifies a first offense as a misdemeanor punishable by up to a six months in prison, Kan. Stat. Ann. § 8-1567(b)(l)(A).
16. Kentucky provides that “[defendants shall have the right to a jury trial in all criminal prosecutions, including prosecutions for violations of traffic laws,” Ky.Rev.Stat. Ann. § 29A.270(1), and classifies DWI as a crime, Commonwealth v. Ramsey, 920 S.W.2d 526, 529 (Ky.1996), punishable by up to thirty days in prison for a first offense, Ky.Rev.Stat. Ann. § 189A.010(5)(a).
17. Maine “guarantees all criminal defendants, even those charged with petty crimes, the right to trial by jury[,]” State v. Lenfestey, 557 A.2d 1327, 1327-28 *142 (Me.1989) (citing Me. Const, art. I, § 6), and classifies DWI as a crime, even though a first offense may not result in confinement, Me. Stat. tit. 29-A, § 2411(5)(A)(3).
18. Maryland applies the right to a jury trial to criminal cases exposing a defendant to “a penalty of imprisonment[,]” Md.Code Ann., Crim. Proc. § 6-101(1), and classifies a first offense as a misdemeanor punishable by up to a year in prison, Md. Code Ann., Transp. § 27-101(a), (k)(l)(i).
19. Michigan has “largely extended the right to a jury trial to petty offenses, without precisely addressing whether Sixth Amendment analysis applies!,]” People v. Antkoviak [242 Mich.App. 424], 619 N.W.2d 18, 41 (Mich.Ct.App.2000), and classifies a first offense as a misdemeanor punishable by up to ninety-three days in jail, Mich. Comp. Laws § 257.625(9)(a)(ii).
20. Minnesota provides that “[a] defendant has a right to a jury trial for any offense punishable by incarceration[,]” Minn. R.Crim. P. 26.01(l)(l)(a), and classifies a first offense as a misdemeanor, MinnStat. § 169A.27, punishable by up to ninety days in prison, Minn.Stat. § 609.02(3).
21. Missouri applies the right to a jury trial to all misdemeanor cases, Mo.Rev. Stat § 543.200, and classifies a first offense as a misdemeanor, Mo.Rev.Stat. § 577.010(2).
22. Montana provides that “[t]he parties in a misdemeanor case axe entitled to a jury[,]” MontCode Ann. § 46-17-201(1), and classifies DWI as a felony or misdemeanor, State v. Anderson [342 Mont. 485], 182 P.3d 80, 84 (Mont.2008), with a first offense punishable by up to six months in prison, MontCode Ann. § 61-8-714(l)(a).
23. Nebraska provides that “[either party to any case in county court, except criminal cases arising under city or village ordinances, traffic infractions, other infractions, and any matter arising under the Nebraska Probate Code or the Nebraska Uniform Trust Code, may demand a trial by jury[,]” Neb.Rev. Stat. § 25-2705(1), and classifies DWI as a felony or misdemeanor under state law, Neb.Rev.Stat § 60-6,197.03, with a first offense punishable by up to sixty days in prison, Neb.Rev.Stat § 28-106(1).
24. New Hampshire guarantees “a jury trial to all criminal defendants facing the possibility of incarceration[,]” In re Senate [135 N.H. 538], 608 A.2d 202, 204-OS (N.H.1992), and classifies DWIs as misdemeanors or felonies, N.H.Rev. Stat. Ann. § 265-A:18(I).
25. North Carolina provides that “[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court,” N.C. Const, art. I, § 24, and classifies a first offense as a misdemeanor, N.C. Gen.Stat. § 20-138.1(d), even though it may only expose a defendant to up to sixty days in jail, N.C. GenStat. § 20-179(0(3), (k).
26. North Dakota provides that misdemeanor cases will be tried before at least six jurors, N.D.R.Crm. P. 23(b)(2), and classifies DWI as felony or misdemeanor, N.D. CentCode § 39-08-01(3), with a first offense punishable by up to thirty days in prison, N.D. CentCode § 12.1-32-01(6).
*143 27. Ohio applies the right to a jury trial to any case involving the violation of a statute, except for minor misdemeanors or cases that do not involve “the possibility of a prison term or jail term and for which the possible fine does not exceed one thousand dollars],]” Ohio Rev.Code Ann. § 2945.17(A), (B), and classifies a first offense as a misdemeanor punishable by up to six months in prison, Ohio Rev.Code Ann. § 4511.19(G)(l)(a)(i).
28. Oklahoma applies the right to a jury tidal “except in civil cases wherein the amount in controversy does not exceed [$1500], or in criminal eases wherein punishment for the offense charged is by fine only, not exceeding [$1500][,]” Okla. Const, art. II, § 19, and classifies a first offense as a misdemeanor punishable by up to a year in prison, Okla. Stat. tit. 47, § 11 — 902(C)(1)(b).
29. Oregon provides that, “[i]n all criminal prosecutions, the accused shall have the right to public trial by an impartial jury[,]” Or. Const, art. I, § 11, and classifies a first offense as a misdemeanor, Or.Rev.Stat. § 813.010(4), punishable by up to a year in prison, Or.Rev.Stat. § 161.615(1).
30. South Carolina applies the right to a jury trial to all DWI defendants, S.C.Code Ann. § 56-5-2935, even though a first offense is punishable by no more than thirty days in prison, S.C.Code Ann. § 56-5-2930(A)(l).
31. South Dakota applies the right to a jury trial to “any criminal prosecution, whether for violation of state law or city ordinance, in which a direct penalty of incarceration for any period of time could be imposed,” State v. Wikle, 291 N.W.2d 792, 794 (S.D.1980), and classifies a first offense as a misdemeanor, S.D. Codified Laws § 32-23-2, punishable by up to a year in prison, S.D. Codified Laws § 22-6-2(1).
32. Texas applies the right to a jury trial “to all criminal prosecutions,” including misdemeanors, Chaouachi v. State, 870 S.W.2d 88, 90 (Tex.App.1993), and classifies a first offense as a misdemeanor, Tex. Penal Code Ann. § 49.04(b), punishable by up to 180 days in jail, Tex. Penal Code Ann. § 12.22(2).
33. Utah provides that, “[i]n criminal prosecutions the accused shall have the right ... to have a speedy public trial by an impartial jury[,]” Utah Const, art. I, § 12, and has applied that right to DWI, State v. Nuttall, 611 P. 2d 722, 725 (Utah 1980), a misdemeanor, Utah Code Ann. § 41-6a-503(l)(a), punishable by up to six months for a first offense, Utah Code Ann. § 76-3-204(2).
34. Vermont law does not “provide that certain classes of offenses shall be tried without a jury or authorize the legislature to make such provision by statutoiy enactment.” State v. Becker [130 Vt. 153], 287 A.2d 580, 582 (Vt.1972).
35. Virginia applies the right to a jury trial to misdemeanor offenses, VaCode Ann. § 19.2-258, and classifies a first offense as a misdemeanor, VaCode Ann. § 18.2-270(A).
36. Washington provides that, when an offense carries a possible term of imprisonment, “the constitution requires that a jury trial be afforded unless waived[,]” Pasco v. Mace [98 Wash.2d 87], 653 P.2d 618, 625 (Wash.1982), and authorizes up to 364 days in prison for a first offense, Wash. Rev.Code § 46.61.5055(l)(a)(i).
*144 37. West Virginia applies the right to a jury trial to “both felonies and misdemeanors where the penalty imposed involves any period of incarceration!,]” Hendershot v. Hendershot [164 W.Va. 190], 263 S.E.2d 90, 95 (W.Va.1980), and classifies a first offense as a misdemeanor punishable by up to six months in prison, W. VaCode § 17C-5-2(e).
38. Wisconsin applies the right to a jury trial to misdemeanor crimes, State v. Slowe [230 Wis. 406], 284 N.W. 4, 5-6 (Wis.1939), and classifies a second or subsequent offense as a crime, State v. Verhagen [346 Wis.2d 196], 827 N.W.2d 891, 896 (Wis.Ct.App.), review denied, [350 Wis.2d 703] 839 N.W.2d 866 (Wis.2013), cert. denied, [— U.S. —], 134 S.Ct. 927, 187 L.Ed.2d 783 (2014), punishable by up to six months in prison, Wis. Stat. § 346.65(2)(am)(2).
39. Wyoming applies the right to a jury trial to crimes “punishable by any jail term, regardless of length,” Brenner v. Casper, 723 P.2d 558, 561 (Wyo.1986), and classifies a first offense as a misdemeanor punishable by up to six months in prison, Wyo. Stat. Ann. § 31-5-233(e).

Dissent Appendix

State Number of DWI[2] Offenses Needed to Trigger Right to Jury Trial Citations[3]
Alabama 1 See Ala Code §§ 32-5A-3, 32-5A-191; Ala R.Crim. P. 18.1.
Alaska 1 See Alaska Const, art. 1, § 11; Alaska Stat. § 28.35.030.
Arizona 1 See Anz.Rev.Stat. 28-1381(A), (F).
Arkansas 1 See Ark. Const, art. 2, § 7; Ark. Code Ann. 5-65-103; 5-65-111.
California 1 See Cal. Const. Art. 1, § 16; CalPenal Code § 689; Cal. Veh. Code § 23152.
Colorado 1 See Colo.Rev.Stat. 16-10-109, 42-4-1301.
Connecticut 2 See Conn. Const, art. 1, § 19; Conn. GenStat. § 14-227a.
Delaware 1 See DelCode Ann. tit. 21, § 4177(a), (d)(1).
Florida 1 See Fla Stat. §§ 316.193, 316.1934(4).
*145 Georgia l See Ga.Code Ann. §§ 16-1-3(9), 17-9-2, 40-6-391.
Hawaii 4 See Haw.Rev.Stat. Ann. §§ 291E-61, 291E.61.5.
Idaho 1 See Idaho Code Ann. §§ 18-8004, 18-8005,19-1902; State v. Wheeler, 753 P.2d 833, 836-37 (Idaho 1988).
Illinois 1 See 625 III. Comp. Stat. Ann. § 5/11-501, 725 III. Comp. Stat. Ann. § 5/103-6.
Indiana 1 See Ind-Code Ann. §§ 9-30-5-2, 35-31.5-2-75, 35-37-1-2; Ind. R. Crim P. 22.
Iowa 1 See Iowa Code § 321J.2.
Kansas 1 See Kan. Stat. Ann. §§ 8-1567, 22-3404.
Kentucky 1 See Ky.Rev.Stat. §§ 29A.270(1), 189A.010.
Louisiana 3 See La.Rev.Stat. Ann. § 14:98.3(A)(1); State v. Montgomery, 195 So.2d 285, 287 (La.1967).
Maine 1 See Me. Const, art. 1, § 6; Me.Rev. Stat. tit. 29-A § 2411.
Maryland 1 See Md.Crim. PraCode Ann. § 6-101; Md. Transp. Code Ann. §§ 21-902; 27-101(c)(22).
Massachusetts 1 See Mass. Ann. Laws ch. 90, § 24(l)(a)(l).
Michigan 1 See Mich. Comp. Laws Serv. § 267.625(1), (18).
Minnesota 1 See Minn.Stat. §§ 169A.20, 169A.27, 609.02(3); Minn. R.Crim. P. 26.01.
Mississippi 2 See Miss.Code Ann. § 63-11-30; Harkins v. State, 735 So.2d 317, 318-19 (Miss.1999).
Missouri 1 See Mo.Rev.Stat. §§ 543.200, 558.011(1)(5), 577.010, 577.023(2).
Montana 1 See MontCode Ann. §§ 46-17-201, 61-8-104, 61-8-401.
Nebraska 1 See Neb.Rev.Stat. Ann. §§ 25-2705, 28-106(1), 60-6,196, 60-6.196.03.
Nevada 3 See Nev. Rev. State Ann. § 484C.400; State v. Smith, 672 P.2d 631 (Nev.1983).
New Hampshire 2 See N.H.Rev.Stat. Ann. § 265-A:18, 625:9(IV)(6); In re Senate, 608 A.2d 202, 204-05 (N.H.1992).
New Mexico 2 See N.M. Stat. Ann. § 66-8-102; State v. Grace, 993 P.2d 93, 95 (N.M.Ct.App.1999).
New York 1 See N.Y. Veh. & Traf. Law §§ 1192,1193.
North Carolina 1 See N.C. Gen Stat. §§ 15A-1201, 20-138.1,20-179.
*146 North Dakota 1 See N.D. CentCode §§ 29-01-06, 39-08-01; N.D.R.Crim. P. Rule 23(b)(2).
Ohio 1 See Ohio Rev. Code Ann. §§ 2901.02, 2945.17, 4511.19.
Oklahoma 1 See Okla. Const, art. II, § 19; Ohio. St. tit. 47, § 11-902.
Oregon 1 See Ore.Rev.Stat. §§ 161.615(1), 813.010; Brown v. Multnomah Cnty. Dist. Court, 570 P.2d 52 (Ore.1977).
Pennsylvania 3 See 18 Pa. Cons.Stat. § 1104; 75 Pa. Cons.Stat. §§ 3802, 3803, 3804.
Rhode Island 1 See R.I. Gen Law § 31-27-2(d)(l)(i).
South Carolina 1 See S.C.Code Ann §§ 56-5-2930, 56-5-2935.
South Dakota 1 See Parham v. Municipal Court, 199 N.W.2d 501, 505 (S.D.1972).
Tennessee 1 See TennCode Ann. §§ 55-10-401, 55-10-402.
Texas 1 See Tex. Penal Code Ann § 49.04; Chaouachi v. State, 870 S.W.Std 88, 90 (Tex.Ct.App.1993).
Utah 1 See State v. Nuttall, 611 P.2d 722, 725 (Utah 1980).
Vermont 1 See Vt. Stat. Ann. tit. 23, §§ 1201, 1210.
Virginia 1 See Va. Code Ann. §§ 18.2-270, 19.2-258.
Washington 1 See Wash. Rev.Code §§ 46.61.502(1), 46.61.502(5), 46.61.5055(1); Pasco v. Mace, 653 P.2d 618, 625 (Wash.1982).
West Virginia 1 See W. VaCode § 17C:5-2(e); Hendershot v. Hendershot, 263 S.E.2d 90, 95 (W.Va.1980).
Wisconsin 2 See Wis. Stat. §§ 346.63, 346.65, 939.12; State v. Slowe, 284 N.W. 4, 5-6 (Wis.1939).
Wyoming 1 See Casper v. Cheatham, 739 P.2d 1222, 1223 (Wyo.1987).
Distinct of Columbia 2 D.C.Code §§ 16-705, 50-2206.11, 50-2206.13.

 The right to trial by jury also has been guaranteed by the New Jersey Constitution, beginning in 1776. Allstate New Jersey v. Lajara, 222 N.J. 129, 140-41, 117 A.3d 1221 (2015).

 As mentioned by the majority, states vary in the exact name given to the offense of driving while under the influence of alcohol. I use "DWI” for the sake of simplicity.

 In those states where the statutory scheme imposes a penalty of greater than six months’ imprisonment, the state is required to provide a jury trial. Blanton, supra, 489 U.S. at 542, 109 S.Ct. at 1293, 103 L.Ed.2d at 556.